**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David John SWEET, Defendant–Appellant.**

No. 01–30121.

D.C. No. CR–00–00099–PA.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001 *.

Decided Jan. 2, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Lough's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Sweet's request for oral argument.

Before SCHROEDER, Chief Judge, TROTT and PAEZ, Circuit Judges.

MEMORANDUM **

David John Sweet appeals conviction after his conditional guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Sweet first challenges the district court's denial of his motion to suppress evidence of a firearm that he discarded in a trash bin. He contends that he did not voluntarily abandon the firearm because he had been unlawfully arrested before disposing of it. We review de novo the denial of a motion to suppress and the determination of reasonable suspicion. *United States v. Sigmond–Ballesteros,* 247 F.3d 943, 946

(9th Cir.2001); *United States v. Osborn,* 203 F.3d 1176, 1180 (9th Cir.), *cert. denied,* 530 U.S. 1237, 120 S.Ct. 2676, 147 L.Ed.2d 287 (2000). We review for clear error the district court's factual findings, and the issue of whether property has been abandoned within the meaning of the Fourth Amendment. *United States v. Dorais,* 241 F.3d 1124, 1128 (9th Cir.2001); *United States v. Stephens,* 206 F.3d 914, 916–17 (9th Cir.), *reh'g denied,* 232 F.3d 746 (2000).

We find Sweet's contention unpersuasive. Although a detention in violation of the Fourth Amendment may render abandonment involuntary, *United States v. Stephens,* 206 F.3d at 917, there was no such violation here because given the totality of the circumstances, the police officers had reasonable suspicion to suspect that Sweet was engaged in criminal activity. *United States v. Osborn,* 203 F.3d at 1181; *see also United States v. Butler,* 74 F.3d 916, 921 (9th Cir.1996) (concluding that there is no need to independently corroborate information in the absence of evidence to support inference that information reported to police had been fabricated).

Sweet next contests the validity of his conviction by challenging the constitutionality of 18 U.S.C. § 922(g)(1) on its face and as applied to this case. This contention is foreclosed by our recent decisions in *United States v. Rousseau,* 257 F.3d 925, 932 (9th Cir.), *cert. denied,* — U.S. —, 122 S.Ct. 503, — L.Ed.2d — (2001) and *United States v. Davis,* 242 F.3d 1162, 1162 (9th Cir.) (per curiam), *cert. denied,* — U.S. —, 122 S.Ct. 178, — L.Ed.2d — (2001). The record adequately supports the conviction. *See United States v. Rousseau,* 257 F.3d at 932–33

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

(recognizing that firearm need only have been in interstate commerce at some time).

AFFIRMED.