UNITED STATES of America,
Plaintiff–Appellee,

v.

Kelvin DAVIS, Defendant–Appellant.

No. 00–10230.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 2001

Filed March 20, 2001

Geoffrey A. Hansen, Chief Assistant Federal Public Defender, and Rebecca Silbert, Assistant Federal Public Defender, San Francisco, California, for appellant Kelvin Davis.

Ismail Ramsey, Assistant United States Attorney, Oakland, California, for appellee United States of America.

Before: REINHARDT, RYMER and FISHER, Circuit Judges.

PER CURIAM:

**I.**

■ Davis first argues that his conviction for firearm possession by a felon, in violation of 18 U.S.C. § 922(g)(1), is invalid because Congress lacked authority under the Commerce Clause to deem such possession criminal. While agreeing that his position is directly contrary to circuit precedent, including *United States v. Hanna*, 55 F.3d 1456, 1462 (9th Cir.1995) (§ 922(g) not facially unconstitutional), Davis asserts that recent Supreme Court opinions require this court to revisit our precedent.

We recently considered a similar challenge to the validity of the statute prohibiting firearm possession by those against whom certain domestic violence restraining orders were pending, 18 U.S.C. § 922(g)(8). *See United States v. Jones*, 231 F.3d 508 (9th Cir.2000). In that case, we held that our prior precedent concerning the facial validity of § 922(g)(8) remains intact even in the wake of the Supreme Court's most recent decisions regarding Congress's Commerce Clause powers. *Id.* at 514. Section 922(g) prohibits nine categories of persons from, *inter alia*, possessing a firearm "in or affecting commerce" and receiving a firearm that has been "shipped or transported in interstate or foreign commerce." The fact that this case concerns the first set of persons described in § 922(g), felons, and *Jones* concerned a different set of persons, those subject to domestic violence restraining orders, is of no consequence. The issue in *Jones* involved the nexus with interstate commerce, not the catego-

ry of persons subject to the restriction on firearm possession. The issue here is precisely the same—the adequacy of the nexus for constitutional purposes. Accordingly, we conclude that, just as Congress lawfully exercised its authority to regulate interstate commerce when it enacted § 922(g)(8), it lawfully exercised its authority in enacting § 922(g)(1).

## II.

■ Davis also claims that the evidence used to convict him must be suppressed because it was discovered when the police executed a search warrant that was issued without probable cause. He contends that the affidavit in support of the warrant was insufficient because it recounted information from a confidential informant who was not shown to be reliable. We have carefully examined the affidavit, and hold that it contains sufficient information for the magistrate to conclude that, on the basis of the "totality of the circumstances," there was probable cause to issue a search warrant. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

## III.

Congress did not exceed its authority under the Commerce Clause when it enacted 18 U.S.C. § 922(g)(1). The defendant's conviction is affirmed.

AFFIRMED.