**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**David A. OHMAN, Defendant—
Appellant**

No. 00–10074.
D.C. No. CR–97–40210–SBA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 2001.

Decided June 27, 2001.

---

Before REINHARDT, TASHIMA and BERZON, Circuit Judges.

### MEMORANDUM *

David Ohman appeals his jury conviction of being a felon in possession of a firearm, arguing that the felon-in-possession statute exceeds Congress' power to regulate under the Commerce Clause; that he ought to have received a two-level reduction in his offense level for acceptance of responsibility; and that the court denied him his right to allocution at sentencing. We affirm. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

■ 1. As we have previously explained, the felon-in-possession statute, 18 U.S.C. § 922(g)(1), "require[s] only 'the minimal [jurisdictional] nexus that the firearm have been, at some time, in interstate commerce.'" *United States v. Hanna,* 55 F.3d 1456, 1462 (9th Cir.1995) (quoting *Scarborough v. United States,* 431 U.S. 563, 575, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977)); *see also United States v. Casterline,* 103 F.3d 76, 77 (9th Cir.1996). Nothing in the Supreme Court's recent Commerce Clause jurisprudence undermines that holding. *United States v. Davis,* 242 F.3d 1162 (9th Cir.2001); *cf. United States v. Jones,* 231 F.3d 508, 513–15 (9th Cir. 2000).

2. We reject Ohman's contention that our decisions concerning the jurisdictional requirement of section 922(g) are inconsistent (and so require *en banc* review to maintain uniformity). *United States v. Nukida,* 8 F.3d 665 (9th Cir.1993), on which Ohman relies, held that a factual question exists whether items that were once "in commerce"—*i.e.,* items falling within the second category of Commerce Clause jurisdiction identified in *United States v. Lopez,* 514 U.S. 549, 558–559, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995)—have come to rest and therefore lost their interstate character. *Nukida,* 8 F.3d at 671. But, as we observed in *United States v. Jones,* the activity regulated by section section 922(g) "can also be seen as falling within the third category," *i.e.,* activities substantially affecting interstate commerce, "which requires only [the] minimal nexus that the firearm in question have moved in interstate commerce at some time." *Jones,* 231 F.3d at 514.

■ 3. It was not clear error for the district court to deny Ohman a two-level

reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. As the district court recognized, the fact that Ohman exercised his constitutional right to trial did not render him ineligible for the reduction, but in such cases "a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct." U.S.S.G. § 3E1.1 cmt., n. 2. Here, as Ohman freely admits, "he never affirmatively admitted prior to trial that he had possessed a gun." Appellant's Op. Br. at 54.

As for post-trial conduct, Ohman declined to cooperate with the probation officer who prepared his presentence report. While he did admit to the offense conduct during the sentencing proceeding, the district court doubted both the genuineness of his expressions of remorse and the accuracy of Ohman's explanation for the offense. We cannot say that those factual determinations were clearly erroneous. In short, "nothing in the circumstances of this case required the district court to find that [Ohman] had 'clearly demonstrate[d] an acceptance of responsibility for [his] criminal conduct.'" *United States v. Gillam*, 167 F.3d 1273, 1280 (9th Cir.1999) (quoting U.S.S.G. § 3E1.1(a)).

■ 4. Finally, we conclude that Ohman was properly afforded his right to allocution before being sentenced. *See* Fed. R.Crim. Pro. 32(c)(3)(C). He spoke at length during the sentencing proceeding on various topics, including many of a personal nature that might have influenced the district court's exercise of discretion in sentencing. Moreover, the district court twice expressly invited Ohman to make further comments immediately before the sentence was imposed.

Federal Rule of Criminal Procedure 32(c)(3)(C) does not require the district court to engage in a lengthy colloquy with a defendant concerning the defendant's right to make a statement to the court.

*See Green v. United States*, 365 U.S. 301, 304, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961) (plurality opinion) (finding that the defendant was accorded his right to allocution where the trial judge uttered "the single pertinent sentence ... 'Did you want to say something.'"). The opportunities provided to Ohman during the sentencing proceeding easily sufficed.

Nor can we say on this record that Ohman was denied an opportunity to speak about personal matters, or that the district court ought to have advised him specifically of his right to make statements of a nonlegal nature. Throughout the sentencing proceeding, Ohman repeatedly stepped out of his role as pro se counsel and addressed the court from the standpoint of the defendant. For example, he stated: "I am here. My family is out there. They need me. I have let them down ...;" "[I]f I were a nefarious individual, there were opportunities for me to certainly have done a number of things, but I chose not to, and I think that looks toward the character of the individual;" "This is something I will have to live with all the rest of my life. It is not something I am pleased at;" "I'm not a contriving person, first of all. I do not play games with people and I do not like people doing so with myself. I'm very straightforward and very honest in what I do and how I deal with people."

AFFIRMED.

REINHARDT, Circuit Judge, dissenting.

I would reverse on the ground that the district court failed to provide the defendant, David Ohman, with his right to allocution, as required by Rule 32(c)(3)(C) of the Federal Rules of Criminal Procedure. Although it is true that Ohman spoke on several occasions during the hearing, a careful examination of the transcript leads

me to conclude that the right to allocution was not afforded.

Rule 32(c)(3)(C) mandates that district courts, before sentencing, "address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of the sentence." The sentencing process also permits the defendant's counsel and the prosecutor to first present legal arguments regarding the sentence to be imposed. The problem here arises out of the fact that Ohman appeared *pro se* at the sentencing hearing, as he did at the trial. Prior to imposing the sentence, the district court asked the prosecutor and the defendant: "Any comments either of you have before I announce the sentence I'm inclined to impose?" The prosecutor answered in the negative, and Ohman then made the type of legal argument a counsel would ordinarily make. He discussed at some length the legal issue of concurrent sentencing. The court then asked: "Anything further?" Both sides answered only with silence, and Ohman's sentence was then imposed.

Even in the case of a defendant represented by counsel, merely providing the defendant with an opportunity to speak does not satisfy the Rule 32(c)(3)(C) requirement. Rule 32(c)(3)(C) "explicitly affords the defendant two rights": 1) to address the court personally on his own behalf; and 2) to present any information in mitigation of the sentence. *Green v. United States*, 365 U.S. 301, 304, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961) (plurality opinion). With regard to the first right, allocution provides the "convicted defendant one last-ditch opportunity to throw himself on the mercy of the court." *United States v. Myers*, 150 F.3d 459, 463 (5th Cir.1998). With regard to the second right, the Rule provides the defendant with the opportunity "to fully present all available accurate information bearing on mitigation of punishment," and imposes on the district court "a duty to listen and give careful and serious consideration to such information." *United States v. Mack*, 200 F.3d 653, 658 (9th Cir.2000). Furthermore, the Rule does not simply require that the defendant be provided with the opportunity to make a personal plea for mercy or "present any information in mitigation of the sentence"—it obligates the district court to "determine" whether the defendant wishes to offer anything in mitigation. Rule 32(c)(3)(C).

At no time did the court inform Ohman that it was affording him the opportunity to comment personally, to ask for leniency or offer information in mitigation, rather than simply to act in his role as advocate and to present legal arguments. Certainly the follow-up "Anything further?" added nothing to the original inadequate inquiry. Thus the fundamental requirements of Rule 32(c)(3)(C) were not met in this case. Moreover, an examination of Ohman's responses to the court's inquiries clearly shows the deficiency of those inquiries. Ohman's responses could not possibly have shed any light on the question whether he wished to exercise his allocution rights. In sum, it appears evident that the district court did not seek to determine whether the defendant wished to exercise his Rule 32 rights.[1]

---

1. Reading the transcript, it seems doubtful that the district judge's inquiries were prompted by Rule 32 or that she believed she was providing the defendant with the opportunity to plead for leniency or to present mitigating information. The fact that her inquiries were directed not simply to the defendant, but to both parties, suggests that she did not intend her invitation to comment to constitute an inquiry as to whether Ohman wished to exercise his right to allocution. Rather, it appears that she simply sought to provide both parties with a chance to make final arguments in light of the sentence she stated she was inclined to impose.

To satisfy Rule 32(c)(3)(C), sentencing courts must make clear to defendants that they are providing an opportunity for allocution. *United States v. Sarno,* 73 F.3d 1470, 1503 (9th Cir.1995). In *Sarno,* the defendant, who was represented by counsel, had been warned by the sentencing judge early in a sentencing hearing not to speak to the court unless the court asked him a question. *Id.* Later, the judge stated that he would hear from the defendant "as to what would be the appropriate sentence within [the Guidelines] range." *Id.* We held that this inquiry failed to satisfy the Rule 32(c)(3)(C) requirement because the earlier admonition may have dissuaded the defendant from speaking freely. *Id.* In this case, Ohman was never even informed of his right to speak in a personal capacity and thus to ask for mercy, compassion or even understanding. He was appearing *pro se* and at the time the court addressed the Assistant United States Attorney and the defendant jointly, Ohman was fulfilling his role as an advocate, not that of a penitent. In fact, his response to the court's principal inquiry—a response that consisted entirely of a legal argument as to whether a concurrent rather than consecutive sentence was required—provides significant evidence that he was not aware that the court would entertain anything other than a legal argument at the time, and certainly not a plea for mercy. His silence after the court's statement, "anything further" only confirms that fact.

The majority cites *Green* for the proposition that the district court's inquiries in this case "easily sufficed" to satisfy the Rule 32(c)(3)(C) requirement. Majority Disposition at ——. In *Green,* Justice Frankfurter, writing for himself and three other Justices, concluded that a defendant "failed to meet his burden of showing that he was not accorded" an opportunity for allocution where the trial judge simply said "[d]id you want to say something?" *Green,* 365 U.S. at 304, 305.[2] The majority's reliance on *Green* in this case is misplaced for three reasons.

First, the *Green* plurality did not find as a matter of law that asking "did you want to say something" is sufficient. Rather, it speculated as to circumstances that could have occurred at trial that would have made the statement sufficient, and concluded only that the defendant had failed to meet his burden of showing otherwise. *Id.* at 305. In this case, after reviewing the transcript of the sentencing proceeding, it is clear that the context does not save the court's limited inquiry.

Second, notwithstanding the *Green* Court's conclusion with regard to the defendant in that case, it held that: "[h]ereafter trial judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing." *Id.* The district court's inquiries, occurring almost four decades after the Supreme Court issued its directive, certainly "leaves room for doubt" as to whether a personal invitation was extended.

Finally, unlike Green, who was represented by counsel, Ohman had no lawyer present. The lack of representation is critical here. The message conveyed when a sentencing judge personally addresses a defendant who has a lawyer by his side, and inquires whether the defendant himself wishes to speak to the court regarding his sentence is fundamentally different from the message conveyed when a judge inquires jointly of a *pro se* defendant/advocate and the prosecutor whether they wish

---

**2.** Four Justices reached the opposite conclusion, holding that the judge's inquiry was inadequate, and the ninth concluded that Rule 32 does not require the judge to make any inquiry at all when the defendant is represented by counsel, a position that nobody contends is good law.

to make "[a]ny comments … before [she] announce[s] the sentence [she is] inclined to impose." In the former case, the question is much more likely to be interpreted by the defendant as an opportunity to speak freely about why he deserves leniency. (He also has the benefit of his lawyer's counsel as to what he may and may not say in response to the invitation to speak.) In the latter case, the defendant may well not understand, as Ohman clearly did not, that he should speak in his role as defendant rather than in his capacity as an advocate.

The fact that, earlier in the hearing, prior to the time for allocution under Rule 32(c)(3)(C), Ohman made various personal statements that would not ordinarily be made by counsel does not change the analysis. Rule 32(c)(3)(C) requires the *court* to provide the defendant an opportunity for allocution, and has no exception for the case of a defendant who, at another point in the sentencing hearing, has made statements that might also properly be made during allocution.

In conclusion, I would hold that the district court failed to meet the Rule 32(c)(3)(C) requirements. As the Seventh Circuit has explained, these requirements, "[a]side from [their] practical role in sentencing, [have] value in terms of 'maximizing the perceived equity of the process.'" *United States v. Barnes*, 948 F.2d 325, 328 (7th Cir.1991) (quoting 3 *ABA Standards for Criminal Justice* 18–459 (2d ed. 1980)). Ohman was entitled to a meaningful opportunity for allocution, but such an opportunity was not provided. Because the majority concludes otherwise, I must respectfully dissent.