UNITED STATES of America,
Plaintiff—Appellee,

v.

Victor W. BRUNSON, Defendant—
Appellant

No. 00–10166.
D.C. No. CR–99–40086–DLJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 2001.

Decided Aug. 3, 2001.

Reinhardt, Circuit Judge, filed a dissenting opinion.

Before REINHARDT, TASHIMA and BERZON, Circuit Judges.

MEMORANDUM *

Victor Brunson appeals his jury conviction of being a felon in possession of a firearm. We affirm. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

1. We have previously rejected Brunson's contention that 18 U.S.C. § 922(g)(1) requires a more substantial nexus to commerce than the one presented here. In *United States v. Hanna,* 55 F.3d 1456 (9th Cir.1995), we held that section

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

922(g)(1) "require[s] only 'the minimal nexus that the firearm have been, at some time, in interstate commerce.'" *Id.* at 1462 (quoting *Scarborough v. United States,* 431 U.S. 563, 575, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977)); *see also United States v. Casterline,* 103 F.3d 76, 77 (9th Cir.1996).

Nothing in the Supreme Court's recent Commerce Clause jurisprudence undermines that holding. In *Hanna,* we stated expressly that *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995) "does not alter our analysis." We have since observed that our interpretation of section 922(g) remains intact after both *United States v. Morrison,* 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000) and *Jones v. United States,* 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000). *United States v. Jones,* 231 F.3d 508, 513–15 (9th Cir.2000); *United States v. Davis,* 242 F.3d 1162 (9th Cir.2001).

■ 2. Viewing the evidence in the light most favorable to the prosecution, a rational jury could have found beyond a reasonable doubt that Brunson actually possessed the firearm discovered on the sidewalk of 92nd Avenue near D Street.

During the second trial, the government presented a good deal of evidence in support of its theory that Brunson brandished the weapon on D Street, and then discarded it as he fled the encounter in his car: Sergeant Short testified that he saw Brunson holding a large chrome revolver consistent with the one later found nearby; Officer Pope testified that he saw Brunson's car turn off D Street onto 92nd Ave., where the gun was found; Martin Navarro Villa testified that he found a gun on the sidewalk the following morning near the corner of 92nd and D, and that the gun had not been there at 9:00 p.m. the previous night; BATF toolmarks expert John Murdock testified that the scrapes and abrasions on the gun were consistent with it having bounced and slid on a concrete surface, but not consistent with it having merely been dropped on concrete; BATF Chemist Paul Willis testified that concrete debris was embedded in abrasions and scrapes on the gun.

The Tenth Circuit cases cited by Brunson for the proposition that a finding of possession requires an additional nexus between himself and the firearm are not on point. All of those decisions concern *constructive* possession,[1] while it is *actual* possession that is at issue here.

Nor must Brunson's conviction be set aside because there was another police chase in Oakland on the night in question. According to the testimony of police dispatcher Barbara Hill, there is no basis to believe that any other chase traversed the intersection of D Street and 92nd Avenue, where the gun was found.

AFFIRMED.

REINHARDT, Circuit Judge, dissenting.

While I agree with the majority's statements regarding the necessary nexus between the firearm and interstate commerce, I do not agree that there is sufficient evidence to affirm the jury's verdict that Brunson actually possessed the firearm in question. In my view, no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61

---

1. Despite Brunson's assertion to the contrary, *United States v. Taylor,* 113 F.3d 1136 (10th Cir.1997), was clearly prosecuted on a theory of constructive possession: "[I]t is undisputed there is no evidence Mr. Taylor ever actually possessed the Jennings Bryco nine millimeter handgun. However, the government contends it proved Mr. Taylor constructively possessed the weapon." *Id.* at 1145.

L.Ed.2d 560 (1979). Accordingly, I respectfully dissent.

At the time of contact between Brunson and the police officers, the evidence shows that only one officer saw a weapon on Brunson's person. Another officer at the scene, who was also focused on Brunson, testified that he did not see a gun, and a third officer saw a "chrome-color object" which he could not identify. When Brunson drove away from the area, the officer who followed him for several blocks did not witness anything thrown from the car.

A gun was found the next morning discarded on the street. A firearms examiner testified that it was scratched and contained some debris, but there was no way for the examiner to tell when it had actually been damaged. Moreover, Brunson's fingerprints appeared nowhere on the gun, although unidentified fingerprints did.

The mere fact that Brunson likely had a weapon on his person and a similar weapon was found the next morning, abandoned in the general area where Brunson had been the night before, is insufficient as a matter of law to prove beyond a reasonable doubt that Brunson actually possessed that gun. Thus, I would reverse his conviction.