**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Kevin Patrick MALLOY, Defendant—
Appellant.**

**No. 01–30150.
D.C. No. CR–99–60111–MRH.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2002 *.
Decided Feb. 8, 2002.

Before THOMAS, GRABER and
GOULD, Circuit Judges.

* The panel finds this case appropriate for submission without oral argument pursuant to Federal Rule of Appellate Procedure 34(a)(2).

## MEMORANDUM**

Kevin Patrick Malloy appeals his conviction following bench trial and his sentence for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). We affirm.

### I.

■■■ Malloy argues that the district court erred by not suppressing the incriminating statements made by him at the police station after his arrest and medical treatment because Malloy was not re-advised of his *Miranda* rights before the interrogation. Where successive custodial interrogations after an initial *Miranda* warning occur, we must consider the totality of the circumstances to determine whether the defendant should have been re-advised of his or her *Miranda* rights to ensure that the subsequent interrogations are not coerced. *Wyrick v. Fields,* 459 U.S. 42, 49, 103 S.Ct. 394, 74 L.Ed.2d 214 (1982).

Malloy was advised of his *Miranda* rights at about 10:30 a.m. on the morning of September 8, 1999. At about 2:00 p.m., after his return from the hospital, Malloy was questioned by detectives without being re-advised of his *Miranda* rights. Malloy was not questioned while undergoing treatment that rendered him helpless, *see Mincey v. Arizona,* 437 U.S. 385, 399–401, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978), nor was police conduct in obtaining unrequested medical treatment for Malloy's minor injuries coercive. *See United States v. Martin,* 781 F.2d 671, 673–74 (9th Cir. 1985). Malloy's medical treatment consisted of cleansing cuts and scratches, applying ointment and bandages, and being given medicine for an infection. There is absolutely no showing that the medical treatment Malloy received acted to overbear his will or capacity to resist questioning, or to impair his ability to make rational choices. *See Haynes v. Washington,* 373 U.S. 503, 513–14, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963). There is no evidence that the effectiveness of the earlier *Miranda* warnings was so diminished during Malloy's brief medical treatment that new *Miranda* warnings were required.

We hold that Malloy's incriminating statements made during custodial interrogation were voluntary and are not inadmissible simply because the detective failed to repeat the *Miranda* warnings. *See United States v. Nordling,* 804 F.2d 1466, 1471 (9th Cir.1986) (new warnings not required when "[n]o appreciable time had elapsed" between interrogations); *Puplampu v. United States,* 422 F.2d 870, 870 (9th Cir. 1970) (per curiam) (statements admissible when defendant had been fully advised of *Miranda* two days earlier).

### II.

■■■ Malloy also argues that the magistrate judge and district court erred in finding Malloy competent to proceed to trial. The test for competency here is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding ... [and] a rational as well as factual understanding of the proceedings against him." *Cooper v. Oklahoma,* 517 U.S. 348, 354, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996) (citations and internal quotation marks omitted).

The facts preclude Malloy's claim. The magistrate judge ordered a competency examination and received a report from a psychiatric expert. The expert reported that Malloy was not suffering from a men-

** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tal disease or defect rendering him mentally incompetent to stand trial. *See* 18 U.S.C. § 4247(c)(4)(A). The expert found Malloy to have an "antisocial personality disorder," which is not a mental disease or defect. The expert noted that Malloy's "markedly defensive" and "careless and haphazard" approach to the personality tests prevented accurate interpretations. At the competency hearing, the magistrate judge adopted the psychiatric report as his findings and ruled that Malloy was competent to stand trial. Malloy offered nothing that controverted the psychiatric report. The magistrate judge's determination was not clearly erroneous in finding that Malloy failed to prove incompetency by a preponderance of the evidence. *See* 18 U.S.C. § 4241(d); *Cooper,* 517 U.S. at 362, 116 S.Ct. 1373.

### III.

■ Finally, Malloy contends that Article I, Section VIII of the Constitution does not authorize Congress to criminalize a felon's intrastate possession of a firearm that had previously traveled in interstate commerce and therefore 18 U.S.C. § 922(g)(1) is unconstitutional. His argument is foreclosed by *United States v. Davis,* 242 F.3d 1162, 1163 (9th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 178, 151 L.Ed.2d 123 (2001), and *United States v. Carrasco,* 257 F.3d 1045, 1053 (9th Cir. 2001). In *Davis* and *Carrasco,* the defendants argued that their convictions for firearm possession by a felon, in violation of 18 U.S.C. § 922(g)(1), were invalid because Congress lacked authority under the Commerce Clause to deem such possession criminal. *Davis,* 242 F.3d at 1162–63; *Carrasco,* 257 F.3d at 1053. The argument presented here is the same as those offered in *Davis* and *Carrasco*—"the adequacy of the nexus for constitutional purposes." *Davis,* 242 F.3d at 1163; *see also Carrasco,* 257 F.3d at 1053. The conclusions in *Davis* and *Carrasco* that Congress lawfully exercised its authority to regulate interstate commerce when it enacted § 922(g)(1) apply with equal force in this case.

AFFIRMED.