**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Martin Andrew SANGER, Defendant— Appellant.**

**No. 01–30106.**

**D.C. No. CR–00–60091–1–AA.**

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2002.[*]

Decided June 17, 2002.

Before RYMER, T.G. NELSON and THOMAS, Circuit Judges.

MEMORANDUM[**]

Martin Andrew Sanger appeals his conviction following his conditional guilty plea to one count of firearm possession by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Sanger contends that police lacked probable cause to arrest him because, at the time of his arrest, he was suspected to be a passenger in a vehicle that had been reported stolen. We review de novo whether probable cause supported a suspect's warrantless arrest. *United States v. Buckner*, 179 F.3d 834, 837 (9th Cir.1999). Sanger's contention fails. After reviewing the record, we conclude that, even assuming Sanger was arrested, the totality of the circumstances support a finding that Sanger's relationship with the vehicle's driver was more substantial than that of driver and passenger and that the officers had probable cause to believe Sanger was involved in criminal activity. *See id.* at 837–39 (concluding that passenger's presence in a car of suspicious provenance loaded with commercial quantity of drugs can support an inference that the passenger was connected to criminal activity); *cf. Rohde v. City of Roseburg*, 137 F.3d 1142, 1144–45 (9th Cir.1998) (holding that stolen vehicle report, alone, created probable cause to arrest driver, but not passenger, "absent some indication of a relationship more substantial than that of driver and passenger"). The relationship between Sanger and the driver was one among several facts comprising the totality of circumstances supporting probable cause to arrest Sanger.

Sanger also contends that 18 U.S.C. § 922(g)(1) is unconstitutional on its face and that our decision to the contrary in *United States v. Davis*, 242 F.3d 1162, 1163 (9th Cir.2001) (per curiam) was erroneous. We decline to address this contention. *See United States v. Gay*, 967 F.2d 322, 327 (9th Cir.1992) (stating that one three-judge panel of this court cannot

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

overrule the decision of another, absent intervening Supreme Court authority calling earlier decision into question).

Finally, Sanger raises several "as applied" challenges to the constitutionality of his conviction. All of these contentions are foreclosed by our recent decision in *United States v. Rousseau,* 257 F.3d 925, 932–33 (9th Cir.), *cert. denied,* 122 S.Ct. 502 (2001) (holding 18 U.S.C. § 922(g) constitutional as applied to any defendant found in possession of a firearm that has traveled in interstate commerce at any time in the past).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.