UNITED STATES of America,
Plaintiff—Appellee,

v.

Thipthavanh BANYAVONG,
Defendant—Appellant.

No. 01–10687.

D.C. No. CR–00–40181–DLJ.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 4, 2002.

Before BRIGHT,** HAWKINS and W. FLETCHER, Circuit Judges.

MEMORANDUM***

Thipthavanh Banyavong appeals his conviction by conditional guilty plea for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Banyavong

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

claims that the district court erred when it found (1) that the Contra County Sheriff's Deputies conducted a valid traffic stop and (2) that the deputies saw a gun in plain view sticking out from underneath the driver's seat of Banyavong's BMW. He also challenges the constitutionality of § 922(g)(1) under the Commerce Clause.

■ The parties do not dispute the legal standard for searches and seizures. If police officers are lawfully engaged in an activity in a particular place (such as a valid traffic stop) and they see an incriminating object in plain view, they may seize it without a warrant. *See Horton v. California*, 496 U.S. 128, 136–37, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990); *Texas v. Brown*, 460 U.S. 730, 739, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). We review the factual findings of the district court for clear error. *United States v. Depew*, 210 F.3d 1061, 1066 (9th Cir.2000). Findings based on credibility of witnesses are peculiarly within a trial judge's province and are entitled to particular deference. *Anderson v. City of Bessemer*, 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Wainwright v. Witt*, 469 U.S. 412, 428, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985). We hold that the deputies had probable cause to stop Banyavong's vehicle for a traffic violation. Both deputies testified consistently that they observed Banyavong roll through the stop sign at the corner of 15th and Portola streets in Richmond, California. Although Banyavong testified that he came to a complete stop, nothing in the record shows that the district court clearly erred in its evaluation of the conflicting testimony.

■ Nor did the district court clearly err when it credited Deputy Hauschild's account of seeing the gun in plain view. Deputy Hauschild's story remained consistent from his sworn declaration to his testimony at the evidentiary hearing. His account does not conform entirely with the account given by his partner, Deputy Perata, in his police report and sworn declaration. In particular, Deputy Perata's police report and sworn declaration do not mention a signal from Deputy Hauschild, although his testimony at the evidentiary hearing does. This omission does not create a significant enough contradiction between Deputy Perata's earlier and later accounts to render his testimony unbelievable. Nor do the discrepancies between Deputy Perata's early story and Deputy Hauschild's account make the latter implausible or internally inconsistent such that a reasonable factfinder could not credit it. *See Anderson*, 470 U.S. at 575.

■ Since *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), we have repeatedly upheld the constitutionality of § 922(g)(1). The Supreme Court's most recent Commerce Clause rulings have not changed our view. *See United States v. Gonzales*, 307 F.3d 906, 914 (9th Cir.2002) (upholding § 922(g)(1) under the Commerce Clause); *United States v. Rousseau*, 257 F.3d 925, 932–33 (9th Cir.2001) (same); *United States v. Davis*, 242 F.3d 1162, 1162–63 (9th Cir. 2001) (same).

**AFFIRMED.**