**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jeremiah Lee CARTER, Defendant–**
**Appellant.**

**No. 01–30431.**

**D.C. No. CR–00–30052–MRH.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 5, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Jeremiah Lee Carter appeals his conviction following his guilty plea to one count of making a false statement in acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6), and three counts of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Carter contends that 18 U.S.C. §§ 922(a)(6) and 922(g)(1) are unconstitutional exercises of Congress's authority under the Commerce Clause. The Supreme Court has held that § 922(a)(6) is constitu-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tional. *See Huddleston v. United States,* 415 U.S. 814, 833, 94 S.Ct. 1262, 39 L.Ed.2d 782 (1974). In addition, we have rejected Carter's contention that *United States v. Morrison,* 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000) and *Jones v. United States,* 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000) impliedly overruled prior authority finding § 922(g)(1) constitutional. *See United States v. Rousseau,* 257 F.3d 925, 932 (9th Cir.), *cert. denied,* — U.S. ——, 122 S.Ct. 503, 151 L.Ed.2d 413 (2001); *United States v. Davis,* 242 F.3d 1162, 1162–63 (9th Cir.) (per curiam), *cert. denied,* — U.S. ——, 122 S.Ct. 178, 151 L.Ed.2d 123 (2001). We decline to reconsider those holdings. *See United States v. Gay,* 967 F.2d 322, 327 (9th Cir.1992) (stating that one three-judge panel of this court cannot overrule the decision of another, absent intervening Supreme Court authority calling earlier decision into question).

In the alternative, Carter contends that § 922(g)(1) is unconstitutional as applied because the government failed to prove his possession of firearms had an individualized substantial effect on commerce. This argument is unpersuasive. *See Rousseau,* 257 F.3d at 932–33 (holding § 922(g) constitutional as applied to any defendant found in possession of a firearm that has traveled in interstate commerce at any time in the past).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.