**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Elmo DILL, Defendant—Appellant.**

No. 01–10462.

D.C. No. CR–00–40059–DLJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 2, 2002.

Decided Dec. 9, 2002.

Before BRIGHT,* HAWKINS and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Elmo Dill was convicted after a jury trial for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He appeals the district court's refusal to allow his expert on police procedures to testify at his trial. The district court excluded the expert testimony on two independent grounds: one, because it would have been addressed to an issue that was not a proper subject of expert testimony, and two, because the district court concluded that under Federal Rule of Evidence 403 the danger of confusion and wasted time substantially outweighed the probative value of the testimony. We affirm the district court's decision based on Rule 403.

Rule 403 instructs the trial judge to balance the probative value of evidence against any danger it might present. "Whether there are other means of introducing evidence to support the point to which a witness would testify is a factor in assessing the probative value of that witness's testimony." *United States v. Fleming*, 215 F.3d 930, 939 (9th Cir.2000) (citing *Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir.1996)). We review a district court's decision to admit or exclude evidence under Rule 403 with considerable deference.

*See United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir.2000).

According to the defense's proffer, the expert would have described police procedures and training in California and the City of Oakland, and would have testified that seasoned officers "invariably" behave in certain ways in high-risk situations when a gun is present. While this evidence was relevant, the defense counsel's cross examination of the police officers who arrested Dill covered much of the same terrain as the proposed expert testimony. The defense counsel was able to elicit that California and the Oakland Police Department have procedures in place for high-risk vehicle stops and that those procedures differ significantly from the actions the three officers took the night of the arrest. Therefore, we hold that the district court did not abuse its discretion under Rule 403 when it refused to allow Dill's expert to testify.

Dill also challenges the constitutionality of 18 U.S.C. § 922(g)(1). Since *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), we have repeatedly upheld the constitutionality of § 922(g)(1). The Supreme Court's most recent Commerce Clause rulings have not changed our view. *See United States v. Gonzales*, 307 F.3d 906, 914 (9th Cir.2002) (upholding § 922(g)(1) under the Commerce Clause); *United States v. Rousseau*, 257 F.3d 925, 932–33 (9th Cir.2001) (same); *United States v. Davis*, 242 F.3d 1162, 1162–63 (9th Cir.2001) (same).

AFFIRMED.

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.