**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Steven SMITH, Defendant—Appellant.**

No. 01–10460.

D.C. No. CR–00–00610–PJH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2002.

Decided June 30, 2003.

Before KOZINSKI and KLEINFELD, Circuit Judges, and REED,* District Judge.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

* The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

## MEMORANDUM**

Given the parties' stipulation that the gun crossed state lines at some point before it came into Smith's possession, there was sufficient evidence for a fact-finder to conclude that Smith, a convicted felon, did unlawfully "possess *in or affecting commerce*" a firearm. 18 U.S.C. § 922(g)(1) (emphasis added).

Our precedents have repeatedly refused to read any "recency" requirement into the statute, even after the Supreme Court narrowed the reach of the Commerce Clause in *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), and *United States v. Morrison*, 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000). *See, e.g., United States v. Hanna*, 55 F.3d 1456, 1462 & n. 2 (9th Cir.1995) ("Congress sought to reach possessions broadly, with little concern for when the nexus with commerce occurred.... [A] past connection is enough.... We have read and considered *United States v. Lopez* ..., but it does not alter our analysis." (internal quotation marks omitted)); *United States v. Casterline*, 103 F.3d 76, 77 (9th Cir. 1996) (refusing to construe section 922(g) as "requiring a time of [interstate] transportation reasonably close to the charged time of possession" and reaffirming our holding, "after *Lopez* came down, that 18 U.S.C. § 922(g) requires only that the firearm was 'at some time' in interstate commerce"); *United States v. Rousseau*, 257 F.3d 925, 932–33 (9th Cir.2001) (acknowledging *Morrison* and holding that defendant's "arguments that ... the district court should have instructed the jury regarding the effect on and recency of transportation in interstate commerce are ... without merit"); *see also United States v. Gonzales*, 307 F.3d 906, 914 (9th Cir.2002)

(rejecting defendant's argument that "a prosecution under 18 U.S.C. § 922(g)(1) exceeds Congress's jurisdiction under the Commerce Clause, where the only link to commerce is the fact that the firearm once crossed a state line"); *United States v. Davis*, 242 F.3d 1162, 1162–63 (9th Cir. 2001) (per curiam) (holding that our precedents remained unaffected by "recent Supreme Court opinions" and that "Congress did not exceed its authority under the Commerce Clause when it enacted 18 U.S.C. § 922(g)(1)").

Because the statute contains no "recency" requirement and because Smith admitted to all the elements of the crime in the stipulations, the district court did not err in denying defendant's motion for judgment of acquittal.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

