UNITED STATES of America,
Plaintiff—Appellee,

v.

Wallace Lee LOGGINS, Defendant—
Appellant.

No. 02–10642.
D.C. No. CR–01–00406–MJJ.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2003.*

Decided Aug. 18, 2003.

Before HALL, O'SCANNLAIN, and
LEAVY, Circuit Judges.

MEMORANDUM**

Wallace Lee Loggins appeals his bench trial conviction for one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Loggins contends that the government failed to establish the jurisdictional

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

"in or affecting commerce" element of 18 U.S.C. § 922(g)(1). The district court found that the gun was sold by its Texas manufacturer to a distributor in California in 1966.

We reject Loggins' jurisdictional argument. We have held that the felon in possession statute, 18 U.S.G. § 922(g)(1), "require[s] only 'the minimal [jurisdictional] nexus that the firearm have been, at some time, in interstate commerce.'" *United States v. Hanna*, 55 F.3d 1456, 1462 (9th Cir.1995) (quoting *Scarborough v. United States*, 431 U.S. 563, 575, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977)); *see also United States v. Casterline*, 103 F.3d 76, 77 (9th Cir.1996). Nothing in the Supreme Court's recent Commerce Clause jurisprudence undermines *Hanna*. *United States v. Rousseau*, 257 F.3d 925, 932 (9th Cir.2001); *United States v. Davis*, 242 F.3d 1162 (9th Cir.2001).

Loggins also contends that § 922(g)(1) is unconstitutional as applied to him. This argument is foreclosed by our decision in *United States v. Rousseau*, 257 F.3d at 932–33.

■ Loggins finally contends that the evidence was insufficient to support the district court's finding that the subject gun moved in interstate commerce because he received the gun in a private non-commercial manner. The evidence that the serial number on the gun matched the serial number on the Texas invoice is sufficient to support the verdict. *See United States v. Polanco*, 93 F.3d 555, 563 (9th Cir.1996); *Hanna*, 55 F.3d at 1462.

AFFIRMED.