UNITED STATES of America, Plaintiff—Appellee,

v.

Marcus MENDEZ, Defendant—Appellant.

No. 03–10512.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2004.*

Decided June 22, 2004.

---

* The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Dana Wagner, Office of the U.S. Attorney, Alexis Hunter, Assistant United States Attorney, San Francisco, CA, for Plaintiff–Appellee.

Juliana Drous, Esq., San Francisco, CA, for Defendant–Appellant.

---

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Before: LAY,** HAWKINS, and BYBEE, Circuit Judges.

### MEMORANDUM ***

Marcus Mendez appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). We affirm.

■ Mendez argues that the government failed to satisfy the jurisdictional element of § 922(g)(1). He asserts that the firearm's movement in interstate commerce eight years prior to Mendez's possession of it is an insufficient connection to interstate commerce to confer jurisdiction. However, the plain text of § 922(g)(1) does not require, and we have never held, that a firearm must have recently moved in or recently affected interstate commerce in order to meet the jurisdictional element of § 922(g)(1). *See United States v. Rousseau,* 257 F.3d 925, 933 (9th Cir.2001) (noting the movement of firearms across state lines prior to a felon's possession of them without reference to dates). Our holding that "a past connection to interstate commerce is sufficient" does not require a recently past connection. *Id.*

■ Mendez also argues that the possession of a firearm is not economic activity, and therefore, under the Supreme Court's recent decisions in *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995); *United States v. Morrison,* 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000); and *Jones v. United States,* 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000), a "minimal nexus" to interstate commerce cannot satisfy the jurisdictional element of § 922(g)(1). This

argument is incorrect. Since these decisions, we expressly held that "there need be only a minimal nexus that the firearm have been at some time, in interstate commerce." *Rousseau,* 257 F.3d at 933 (internal citation and quotation omitted). In particular, we distinguished "guns, products that are manufactured in and travel through interstate commerce ... from the non-economic activity of committing arson against a private residence in *Jones,* committing violence against women in *Morrison* and possessing a firearm within 1000 feet of a school in *Lopez.*" *United States v. Michael Jones,* 231 F.3d 508, 515 (9th Cir.2000) (construing 18 U.S.C. § 922(g)(8), possession of a firearm by a person subject to a domestic violence protection order). *See also United States v. Davis,* 242 F.3d 1162, 1163 (9th Cir.2001) (per curiam) (adopting the reasoning of *Michael Jones* with respect to the adequacy of the nexus for § 922(g)(1)).

Having found that § 922(g)(1) is constitutional as applied to Mendez, we do not reach Mendez's argument that § 922(g)(1) is unconstitutional in the absence of a meaningful jurisdictional element. *See Rousseau,* 257 F.3d at 932.

**AFFIRMED.**