**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jason Evans HERRICK, Defendant—Appellant.**

No. 04–30160.

D.C. No. CR–02–00143–SEH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 2005.

Decided Jan. 18, 2005.

Carl E. Rostad, Esq., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

David F. Ness, Esq., Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before SCHROEDER, Chief Judge, and GRABER and FISHER, Circuit Judges.

MEMORANDUM *

Jason Herrick appeals his convictions under 18 U.S.C. §§ 921(g)(1) and (j) for being a felon in possession of a firearm and possession of a stolen firearm. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We have consistently upheld convictions under § 922(g) as valid under the Commerce Clause if the firearm crossed a state line at some time in its history. See, e.g., United States v. Gonzales, 307 F.3d 906, 914 (9th Cir.2002); United States v. Rousseau, 257 F.3d 925 (9th Cir.2001); United States v. Davis, 242 F.3d 1162 (9th Cir.

2001) (per curiam). The gun in question crossed numerous state lines each time Herrick's family moved from one state to another, most recently in 1999 when they moved to Montana.

Herrick argues that our recent cases narrow the Commerce Clause's reach—see United States v. McCoy, 323 F.3d 1114 (9th Cir.2003); United States v. Stewart, 348 F.3d 1132 (9th Cir.2003), petition for cert. filed, 73 U.S.L.W. 3298 (Nov. 05, 2004) (No. 04–617); Raich v. Ashcroft, 352 F.3d 1222 (9th Cir.2003), cert. granted, —— U.S. ——, 124 S.Ct. 2909, 159 L.Ed.2d 811 (2004)—and therefore render §§ 922(g)(1) and (j) unconstitutional as applied to Herrick. These are all distinguishable and do not mandate a holding that §§ 922(g)(1) and (j) are unconstitutional. In contrast to the photograph, machinegun and marijuana at issue respectively in McCoy, Stewart and Raich, the gun Herrick stole from his parents was not "home-grown," or a "unique type of firearm" created by Herrick or his father but was commercially manufactured.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.