**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50409 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00409-GW-1 |
| v. | |
| SHARON HATCHER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted November 9, 2012
Pasadena, California

Before: BRIGHT[**], GRABER, and IKUTA, Circuit Judges.

Sharon Hatcher appeals her conviction for being a felon in possession of

ammunition in violation of 18 U.S.C. § 922(g)(1).  We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Myron H. Bright, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

The first search warrant was supported by probable cause because Detective Thompson's affidavit disclosed evidence connecting Davonte to the January 2009 homicide, to the murder weapon, and to Hatcher's home, and therefore raised a fair probability that evidence of the homicide would be recovered at Hatcher's home. *United States v. Grant* is not to the contrary, because in that case no evidence connected Davonte to the defendant's home, 682 F.3d 827, 832–33 (9th Cir. 2012), while here Davonte listed Hatcher's home as his residence when he was arrested in April 2009. Further, the issuing judge did not err in authorizing a nighttime search, because the affidavit set forth sufficient reason to conclude that a daytime search could compromise officer safety or lead to the destruction of evidence. *See Bravo v. City of Santa Maria*, 665 F.3d 1076, 1085–86 (9th Cir. 2011).

The second search warrant was also supported by probable cause, because it was based on a jailhouse conversation that could reasonably be interpreted to mean that the first search was not thorough enough and, therefore, failed to find one of Davonte's guns.

An expert witness may testify as to the locations of ammunition manufacturers "as part of an expert's testimony on the ultimate issue—whether the gun traveled in interstate commerce," *United States v. Dunn*, 946 F.2d 615, 618 (9th Cir. 1991), and therefore the district court did not abuse its discretion in

allowing such testimony. *Dunn*'s reasoning is not irreconcilable with the reasoning of the Supreme Court's subsequent expert-testimony opinions, *see Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), or Confrontation Clause opinions, *see Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009); *Crawford v. Washington*, 541 U.S. 36 (2004), so it has not been effectively overruled. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

Because there was evidence that Hatcher's ammunition had previously traveled in interstate commerce, and such evidence satisfies the jurisdictional element of § 922(g)(1), *see Scarborough v. United States*, 431 U.S. 563, 570 (1977); *United States v. Davis*, 242 F.3d 1162, 1162–63 (9th Cir. 2001) (per curiam), there was sufficient evidence to support Hatcher's conviction under § 922(g)(1).

**AFFIRMED.**