**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD JAMES PULLEY, Jr.,

Defendant - Appellant.

No. 13-10491

D.C. No. 2:05-cr-00368-LKK-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted November 16, 2015
San Francisco, California

Before: KLEINFELD, WARDLAW, and PAEZ, Circuit Judges.

Richard Pulley, Jr. appeals his conviction for unlawful possession of a

firearm by a felon in violation of 18 U.S.C. § 922(g) and his fifteen-year sentence.

We hold that the district court denied Pulley his Sixth Amendment right to

represent himself. We therefore reverse his conviction and remand for a new trial.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

As a result, we do not reach his Eighth Amendment sentencing claim. We also reject Pulley's arguments that the Speedy Trial Act and Commerce Clause require dismissal of the indictment.

1.     Pulley's Sixth Amendment right was violated, and his conviction must be reversed under *United States v. Farias*, 618 F.3d 1049 (9th Cir. 2010). "A criminal defendant does not simply have the right to represent himself, but rather has the right to represent himself meaningfully. Meaningful representation requires time to prepare." *Id.* at 1053. Here, Pulley requested to proceed *pro se* three days before trial. The district court relieved Pulley's appointed counsel and conducted a colloquy pursuant to *Faretta v. California*, 422 U.S. 806 (1975). After the district court repeatedly informed Pulley that his trial would not be continued, however, Pulley consented to reappointment of counsel because he would "have no time to prepare" on his own. As in *Farias*, "by making it clear that [Pulley] would have no time to prepare if he chose to proceed pro se, the district court denied him his right to meaningfully represent himself." 618 F.3d at 1054.

The government's arguments to the contrary are not persuasive. Pulley unequivocally asserted his right to represent himself before the district court empaneled a jury, and the district court made no finding that Pulley's request was made in bad faith to secure delay. *See id.* at 1052. Alone, the proximity of

Pulley's request to trial is insufficient to render his election untimely. *Id.* at 1052–53. Even where a defendant's pretrial conduct has "already caused substantial delay," a defendant's *Faretta* waiver may not be denied absent inquiry into the defendant's intent. *Fritz v. Spalding*, 682 F.2d 782, 784 (9th Cir. 1982).

Pulley's conflict with his trial counsel came to a head only four days before he requested self-representation. On this record, and absent any findings by the district court, we cannot conclude that Pulley's request was made for the purpose of delay. *See Farias*, 618 F.3d at 1053 (observing that although the defendant could have requested self-representation earlier, counsel's recent failure to file certain motions and poor communications with the defendant were consistent with good faith invocation of *Faretta* right). The district court's erroneous denial of Pulley's request was structural error and requires reversal. *Id.* at 1055.

**2.** The Speedy Trial Act, 18 U.S.C. §§ 3161–3174, does not require dismissal of Pulley's indictment. Pulley does not challenge the factual bases for the repeated ends-of-justice continuances granted pursuant to § 3161(h)(7), and that subsection does not require the district court to recite the specific language Pulley advocates. *See United States v. Medina*, 524 F.3d 974, 986 (9th Cir. 2008) ("[D]iscussion of the statutory factors is adequate to support a continuance that serves the ends of justice . . . .").

3

**3.** Pulley's Commerce Clause challenge is foreclosed by *United States v. Davis*, 242 F.3d 1162, 1162–63 (9th Cir. 2001) (per curiam), which rejected a facial Commerce Clause challenge to § 922(g)(1); *see also United States v. Hanna*, 55 F.3d 1456, 1462 (9th Cir. 1995) (rejecting as-applied challenge to § 922(g)(1) where firearm traveled interstate). The two guns identified in the indictment had traveled between states. That suffices "to establish a past connection between the gun[s] and interstate commerce. Therefore, § 922(g)(1) is not unconstitutional as applied to" Pulley. *Hanna*, 55 F.3d at 1462 (citation omitted).

**REVERSED AND REMANDED**.