NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30254 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00108-RMP-1 |
| v. | |
| VICTOR LEE CONRAD, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted December 5, 2018**
Seattle, Washington

Before:  W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

**1.**  The district court's failure to include in its jury instructions the particular

firearms corresponding to each count did not relieve the government of its burden

to prove that Victor Conrad satisfied every element of the offense of being a felon

in possession of a firearm and ammunition under 18 U.S.C. § 922(g)(1).  We need

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

not decide whether Conrad waived review of this issue, or whether possession of a particular firearm is an element of the offense under § 922(g)(1), as opposed to a means of satisfying the element of possession of "any firearm." Even assuming those questions are resolved in Conrad's favor, there was no plain error here because the particular firearms corresponding to each count were included in the special verdict form. *See United States v. Alghazouli*, 517 F.3d 1179, 1188 (9th Cir. 2008). Thus, there is no question that the jury unanimously found that Conrad possessed the particular firearms required for conviction on each count.

   **2.** Conrad's facial and as-applied constitutional challenges to § 922(g)(1) are foreclosed by previous decisions of this court. *See United States v. Davis*, 242 F.3d 1162, 1162–63 (9th Cir. 2001) (per curiam) (rejecting facial Commerce Clause challenge); *United States v. Hanna*, 55 F.3d 1456, 1462 (9th Cir. 1995) (rejecting as-applied challenge where firearm had traveled interstate in the past).

   **AFFIRMED.**