**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

FEB 24 2026

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHNATHAN ALLEN GREEN,

Defendant - Appellant.

No. 24-2921

D.C. No.
8:21-cr-00047-CJC-1

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted February 18, 2026**

Before:    CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

Johnathan Allen Green appeals his conviction by guilty plea to possession

with intent to distribute methamphetamine, being a felon in possession of a firearm

and ammunition, and being a violent felon in possession of body armor, in

violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) and 18 U.S.C. §§ 922(g)(1),

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

931(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Green first contends that his guilty plea was not knowing and voluntary, and was taken in violation of Federal Rule of Criminal Procedure 11, because 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him as a purported nonviolent felon. This claim is foreclosed. *See United States v. Duarte*, 137 F.4th 743, 750 (9th Cir. 2025) (en banc) ("[Section] 922(g)(1) is constitutional as applied to non-violent felons[.]"), *cert. denied*, __ S. Ct. __, 2026 WL 135692 (U.S. Jan. 20, 2026). As Green concedes, his claim that § 922(g)(1) violates the Commerce Clause is also foreclosed. *See United States v. Davis*, 242 F.3d 1162, 1162-63 (9th Cir. 2001).

We decline to consider Green's claim of ineffective assistance of counsel because, contrary to Green's assertion, neither exception to the rule against review of such claims on direct appeal applies here. *See United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003). We also do not reach Green's challenge to the district court's denial of his motion to suppress because he waived that issue when he entered an unconditional guilty plea. *See United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005).

**AFFIRMED.**