# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

JORGE FARIAS,
          *Defendant-Appellant.*

No. 09-50269

D.C. No.
3:08-CR-03679-
LAB-1

OPINION

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted
May 4, 2010—Pasadena, California

Filed August 20, 2010

Before: Betty B. Fletcher and Richard A. Paez,
Circuit Judges, and Donald E. Walter, District Judge.*

Opinion by Judge Paez

---

*The Honorable Donald E. Walter, Senior United States District Judge
for the Western District of Louisiana, sitting by designation.

**COUNSEL**

Janet C. Tung, Federal Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

George V. Manahan, Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

**OPINION**

PAEZ, Circuit Judge:

Defendant-appellant Jorge Farias appeals his conviction of one count of attempted entry after deportation, in violation of 8 U.S.C. § 1326. Farias argues that he was wrongly denied his Sixth Amendment right to self-representation when, after he timely invoked his right to proceed pro se and during the *Faretta* colloquy, the district court informed him that the trial would not be continued. Farias also argues that his sentence was substantively unreasonable because it exceeded the maximum parsimonious sentence permitted by 18 U.S.C. § 3553(a). Because we conclude that Farias was denied his Sixth Amendment right to self-representation, we reverse

Farias's conviction. In light of that holding, Farias's sentencing challenge is moot.

# I

After numerous state and federal criminal convictions, Farias was found deportable by clear and convincing evidence at an *in absentia* hearing in 2008 and was ordered removed to Mexico. Later that year, he was arrested and charged with attempting to enter the United States after having been previously deported, in violation of 8 U.S.C. § 1326. His trial was scheduled for January 13, 2009. On January 12, during a pretrial hearing, Farias expressed dissatisfaction with his attorney, who he claimed had failed to file a collateral challenge to his prior removal order. Farias then stated: "Now, if you'd give me the opportunity, then, I would like to go pro se. I'm asking you respectfully." In response, the district court replied, "You have a right to do that. . . . The Constitution's been interpreted by the Supreme Court to say if you want to do that, you've got a right to do that. But it's never good advice to do that." The district court then attempted to dissuade Farias from proceeding pro se, inquired as to why Farias was displeased with his attorney, and imparted his own favorable opinion of Farias's attorney's legal acumen. During this colloquy, the district court stated:

> Mr. Farias, you have a right to represent yourself. I'm not going to tell you you don't. I'd have to go through some more discussion with you about that if that's what you choose to do. But your case is going to go to trial tomorrow. We're calling a jury in to try the case tomorrow. And I don't know if you're ready to try the case tomorrow. That's when it's set.

Shortly thereafter, the district court reiterated the warning:

> Now, again, I'm trying to talk you out of it, but I want to emphasize to you you have a right to do it

if that's what you want to do. But it's not going to forestall your trial. Your trial is going to go forward tomorrow.

I mean, if you feel like you're ready to stand in [your counsel's] shoes and try your own case, then that's your decision to make. I have a little bit more I want to talk to you about that and tell you what the maximum penalty is and some other things, but I would encourage [you] not to do it. I'm presuming at this point that you're not guilty of this charge, and your lawyers are ready to fight for you in front of the jury and say, "Look, he's not guilty of this. He didn't do this. Don't convict him of this."

. . . You seem pretty passionate about this yourself, but I just don't know that you're ready to step into his shoes and do this.

Farias then responded: "You have a point. What's that other type of trial that you may have?" The district court then moved on to discussing whether Farias wanted a jury trial or a bench trial, and the issue of self-representation was not discussed again before the end of the trial.[1]

## II

**[1]** The Sixth Amendment provides: "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the [a]ssistance of [c]ounsel for his defence." U.S. Const. amend. VI. The Sixth Amendment not only guarantees the right to counsel, but also guarantees the converse right to proceed without counsel at trial. *Faretta v. California*, 422 U.S. 806, 814-15 (1975). In order to invoke the right to self-

---

[1]Farias renewed his request to proceed pro se after the conclusion of the trial and before sentencing. He does not, however, claim an independent violation of his Sixth Amendment right based on this second request.

representation, a criminal defendant must make a timely[2] "un-
equivocal, voluntary, [and] intelligent" request. *United States
v. Maness*, 566 F.3d 894, 896 (9th Cir. 2009) (per curiam).
Once a defendant makes an unequivocal request to proceed
pro se, the court must hold a hearing—commonly known as
a *Faretta* hearing—to determine whether the defendant is
knowingly and intelligently forgoing his right to appointed
counsel. *United States v. Mendez-Sanchez*, 563 F.3d 935, 945
(9th Cir. 2009) (citing *Faretta*, 422 U.S. at 835). In this cir-
cuit, a *Faretta* hearing must make the defendant aware of "(1)
the nature of the charges against him; (2) the possible penal-
ties; and (3) the dangers and disadvantages of self-
representation." *United States v. Farhad*, 190 F.3d 1097, 1099
(9th Cir. 1999) (per curiam).

It is plain, and the government does not dispute, that Farias
initially made a timely and unequivocal waiver of his right to
counsel when he stated: "Now, if you'd give me the opportu-
nity, then, I would like to go pro se. I'm asking you respect-
fully." The district court judge's response, "[y]ou have a right
to do that," indicates that he understood Farias to be invoking
his right to self-representation. *See United States v. Her-
nandez*, 203 F.3d 614, 621 (9th Cir. 2000) (using the trial
judge's response to a request to proceed pro se as evidence
that the request was unequivocal), *overruled on other grounds
by Indiana v. Edwards*, 554 U.S. 164 (2008). With this under-
standing, the district court then began to conduct the *Faretta*
hearing by advising Farias of the dangers and disadvantages
of self-representation.

The government argues that, during the course of the
*Faretta* colloquy, Farias equivocated on his request to pro-
ceed pro se by stating, "you have a point," and that the district
court therefore acted within its discretion when it moved on

---

[2]Under this circuit's case law, a request is timely when it is made before
the jury is empaneled. *United States v. Arlt*, 41 F.3d 516, 519 (9th Cir.
1994). Neither party disputes that Farias's request was timely.

to other topics without completing the advisements. Farias, on the other hand, argues that he did not equivocate and that the district court erred by failing to complete the *Faretta* hearing. Moreover, Farias argues that even if he did equivocate, it was only as a result of the district court's admonition that the trial would not be continued and that he would therefore have less than a day to prepare for trial. Accordingly, Farias contends that the district court committed reversible error by leading him to believe he would not have adequate time to prepare himself for trial which, he asserts, amounted to the outright denial of his request to proceed pro se. We agree with Farias that in so doing, the district court committed reversible error.[3]

## III

**[2]** When a defendant makes an unequivocal, voluntary, and intelligent request to proceed pro se, a district court may refuse the request only in limited circumstances. *Maness*, 566 F.3d at 896. In fact, a timely request to proceed pro se—made unequivocally, knowingly and intelligently—must be granted so long as it is not made for purposes of delay and the defendant is competent. *Id.*

**[3]** Here, Farias timely requested to proceed pro se before the jury was empaneled, and the district court made no findings—nor gave any indication—that Farias sought to delay the impending trial by invoking his right to self-representation. To be sure, as we explained in *Fritz v. Spalding*, 682 F.2d 782, 784 (9th Cir. 1982), where a defendant makes a request to proceed pro se on the eve of trial, "a showing that his motion included a request for a continuance would be strong evidence of a purpose to delay." Even if Farias's request implicitly included a request for a continuance, however, the inquiry cannot stop there. *Id.* "The court must also

---

[3]We therefore need not address Farias's alternative arguments that would require us to determine whether he indeed equivocated, or whether, if he did, the district court was required to complete a full *Faretta* hearing.

examine the events preceding the motion, to determine whether they are consistent with a good faith assertion of the *Faretta* right and whether the defendant could reasonably be expected to have made the motion at an earlier time." *Id.* at 784-85.

**[4]** The district court here did not identify—nor can we find in the record—any other circumstances that suggest that Farias's motion was made in bad faith for the purposes of delay. Although Farias had appeared before the district court in December 2008—nearly a month before he made his request—and presumably could have made a similar request then, he had not encountered the problems that motivated his request at that point. Specifically, during the *Faretta* colloquy, Farias complained to the district court that: "[A]ll week, I've been waiting for [my counsel] to come see me to explain certain things to me. He hasn't done that." Although Farias later admitted that his counsel had visited him within the prior week, he was apparently still unhappy with the frequency of counsel's communication.

**[5]** Farias also complained that his counsel had failed to file certain motions, including a challenge to his prior removal. Again, although the district court assured Farias that his counsel had filed motions attacking his deportation, Farias persisted in his request to proceed pro se and complained that, in any event, his counsel had failed to inform him of which motions he had filed. As the circumstances motivating Farias's motion to proceed pro se only arose shortly before the pretrial hearing at which he invoked his Sixth Amendment rights, there is no additional evidence that Farias requested to proceed pro se for purposes of delay. Apart from the time of Farias's request the day before trial, there is no other evidence that Farias sought to delay the trial, nor did the district court express any concern as to that possibility. In light of these circumstances, we conclude that Farias was entitled to proceed pro se, provided he knowingly and intelligently waived his right to counsel. Because the district court did not complete

the *Faretta* hearing, however, the court never determined whether Farias's request was made knowingly and intelligently.

The government does not dispute that Farias was entitled to proceed pro se if he met the *Faretta* requirements. Instead, the government argues that, because the district court did not explicitly deny Farias's motion, Farias's Sixth Amendment rights were not violated. Specifically, the government argues that Farias in fact equivocated in the midst of the *Faretta* colloquy, thereby abandoning his request. Thus, in the government's view, the district court had neither the obligation nor the opportunity to rule on Farias's request. That interpretation of events is not without support in the record. Indeed, the district court never told Farias that he would not be entitled to proceed pro se. Rather, the district court explicitly told Farias that, "as far as representing yourself, you have a right to do that." Nor did the district court ever make a formal ruling denying Farias's motion.

**[6]** This, however, reflects too limited an understanding of Farias's right to self-representation. A criminal defendant does not simply have the right to represent himself, but rather has the right to represent himself meaningfully. Meaningful representation requires time to prepare. *Milton v. Morris*, 767 F.2d 1443, 1446 (9th Cir. 1985) ("[T]ime to prepare . . . [is] fundamental to a meaningful right of representation.")); *see also Powell v. Alabama*, 287 U.S. 45, 59 (1932) ("It is vain to give the accused a day in court with no opportunity to prepare for it . . . ." (internal quotation marks omitted)); *Armant v. Marquez*, 772 F.2d 552, 557-58 (9th Cir. 1985) (holding that where a defendant had unequivocally invoked his right to proceed pro se the day before trial, the district court's denial of his request for a continuance constituted an abuse of discretion and "effectively rendered his right to self-representation meaningless"); *Barham v. Powell*, 895 F.2d 19, 22 (1st Cir. 1990) ("If [the defendant] needed that extra time to exercise his right to self-representation in a meaningful way, then

denying him the time effectively deprived him of the right and may have been constitutional error."). Although the district court never expressly denied Farias's request to proceed pro se, it denied him the opportunity to prepare for trial and accordingly denied him his right to *meaningful* self-representation.

Here, during the *Faretta* hearing, the district court twice made clear to Farias that if he chose to exercise his right to proceed pro se, he would be expected to proceed to trial the following day, with less than twenty-four hours to prepare. The court first stated, "[Y]ou have a right to represent yourself. . . . But your case is going to go to trial tomorrow. We're calling a jury in to try the case tomorrow. And I don't know if you're ready to try the case tomorrow. That's when it's set." Shortly thereafter, the court reiterated, "Your trial is going to go forward tomorrow."

[7] Together, those two admonitions sent Farias the unmistakable message that if he chose to proceed pro se, he would not be granted any additional time to prepare for trial. This undoubtedly would have panicked Farias and left him with too little time to meaningfully prepare for trial. Although we need not decide precisely how much time Farias would have needed to prepare for trial, we are certain that a single day's preparation was wholly insufficient.[4] Thus, by making it clear

---

[4]The government points out that eleven weeks had passed between Farias's indictment and his request to proceed pro se, and thus argues that Farias had eleven full weeks to prepare for trial. That argument is not persuasive because it conflates the time that Farias had to prepare himself for trial with the time his attorney had to prepare for trial. Under these circumstances, Farias could not have been reasonably expected to prepare himself for trial while represented by counsel. *See United States v. Wilson*, 690 F.2d 1267, 1278 (9th Cir. 1982) (Fletcher, J., dissenting) ("Meaningful access for the pro se litigant involves, at a minimum, some time to prepare and some means of getting prepared for trial. [Defendant] had absolutely no time to prepare. Appointed counsel's preparation to conduct the trial is not the equivalent of [defendant] getting himself prepared.")

that Farias would have no time to prepare if he chose to proceed pro se, the district court denied him his right to meaningfully represent himself.

**[8]** It makes no difference that Farias did not request, and the district court therefore did not expressly deny, a continuance in this case. We recognize that in a similar case, the district court denied a continuance and required the defendant to go to trial only one day after granting his request to proceed pro se. *Armant*, 772 F.2d at 554-55. Here, by contrast, the district judge merely warned Farias that he *would* deny any request for a continuance were one to be made. We see no reason to distinguish the two cases as a result of their different sequence of events. The same rationale animates both: a right to proceed pro se without adequate time to prepare renders that right "meaningless." Where a district court improperly denies time to prepare for trial, as in *Armant*, or improperly threatens to deny such time, as here, the harm is "no less than the effective denial of [a defendant's] Constitutional right to self-representation." *Id.* at 557.

**[9]** In concluding that the district court deprived Farias of his *Faretta* right to proceed pro se, we emphasize that our conclusion relies on the fact that the district court made no findings that the purpose of Farias's request was to delay the trial and that the record contains no evidence of such purpose. We express no opinion on whether, after finding that a defendant seeks to proceed pro se for the purpose of delay, a district court may refuse to grant the defendant additional time to prepare. *See Gonzalez v. INS*, 82 F.3d 903, 908 (9th Cir. 1996) ("The decision whether to grant a continuance is in the sound discretion of the trial judge and will not be overturned except on a showing of clear abuse." (internal quotation marks omitted)). Nor do we express any opinion on whether other circumstances might justify such a refusal. *See United States* v. *Robinson*, 913 F.2d 712, 715 (9th Cir. 1990) ("A criminal defendant may be asked to choose between waiver and another course of action so long as the choice presented

to him is not constitutionally offensive." (quoting *United States v. Moya-Gomez*, 860 F.2d 706, 739 (7th Cir. 1998)). Here, though, in the absence of any such circumstances, we hold that, in foreclosing any possibility of a continuance, the district court effectively denied Farias the right to meaningfully represent himself as guaranteed by the Sixth Amendment.[5]

## IV

**[10]** The district court's improper denial of Farias's request to proceed pro se is structural error and therefore requires reversal. *See McKaskle v. Wiggins*, 465 U.S. 168, 177 n. 8 (1984) ("Since the right of self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the defendant, its denial is not amenable to 'harmless error' analysis."); *Maness*, 566 F.3d at 896 ("An improper denial of a request to proceed pro se . . . is not amenable to harmless error analysis. The right is either respected or denied; its deprivation cannot be harmless." (internal quotations marks omitted)). Therefore, Farias's conviction is vacated, and this matter is remanded to the district court for a new trial. Accordingly, Farias's challenge to the substantive reasonableness of his sentence is moot.

## VACATED AND REMANDED.

---

[5]Farias additionally argues that, by forcing him to choose between his right to meaningfully prepare for trial and his right to proceed pro se, the district court's admonitions violated the doctrine of unconstitutional conditions. The doctrine of unconstitutional conditions "limits the government's ability to exact waivers of rights as a condition of benefits, even when those benefits are fully discretionary." *United States v. Scott*, 450 F.3d 863, 866 (9th Cir. 2006). As we conclude that Farias's Sixth Amendment rights were violated and that his conviction must be vacated as a result, we need not address this alternative argument.