**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30221 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00328-JCC-1 |
| v. | |
| RONALD L BREKKE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted June 4, 2013
Seattle, Washington

Before: McKEOWN and IKUTA, Circuit Judges, and CARNEY, District Judge.[**]

Defendant Ronald Brekke appeals his conviction and sentence for one count of conspiracy to commit theft of public money in violation of 18 U.S.C. § 371, and three counts of wire fraud in violation of 18 U.S.C. § 1343. We affirm his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Cormac J. Carney, District Judge for the U.S. District Court for the Central District of California, sitting by designation.

conviction, but vacate the conditions of supervised release requiring him to abstain from consuming alcohol and to avoid places where controlled substances are illegally used or sold.

The district court did not err in concluding that Brekke had not unequivocally waived his right to counsel and in declining to hold a second *Faretta* hearing. Throughout the pre-trial proceedings, Brekke made repeated, contradictory statements about whether he wished to have the assistance of counsel. These statements did not amount to an "explicit choice between exercising the right to counsel and the right to self-representation" and were not sufficient to allow a district court to be "reasonably certain" that Brekke affirmatively waived his right to counsel. *United States v. Arlt*, 41 F.3d 516, 519 (9th Cir. 1994). Because Brekke did not make an "unequivocal request to proceed pro se," he was not entitled to a *Faretta* hearing. *United States v. Farias*, 618 F.3d 1049, 1051–52 (9th Cir. 2010). Nor did Brekke have a right to hybrid representation. *United States v. Olano*, 62 F.3d 1180, 1193 (9th Cir. 1995).

The district court did not abuse its discretion in denying Brekke's motion to substitute counsel. The court conducted a full ex parte hearing in September 2011 during which both parties aired their grievances with one another. This inquiry "provide[d] a sufficient basis" for the court to reach an "informed decision" about

2

the nature of the conflict between the parties, *United States v. Adelzo-Gonzales*, 268 F.3d 772, 777 (9th Cir. 2001), and to conclude that the relationship was workable. The district court likewise did not err in failing to hold a second ex parte hearing in February 2011, because by then it had a lengthy record of motions and hearing transcripts on the issue of Brekke's representation. A district court need not conduct a hearing where the record already provides the basis for an informed judgment. *United States v. Smith*, 282 F.3d 758, 764 (9th Cir. 2002). The district court made a reasonable assessment of the nature of the conflict between client and counsel, and its determination that the relationship remained workable was not an abuse of discretion, particularly since the conflict was largely the product of Brekke's own unreasonableness and manufactured discontent. *See United States v. Mendez-Sanchez*, 563 F.3d 935, 944 (9th Cir. 2009).

The district court did not plainly err in admitting certified contemporaneous recordings of the date and time Brekke crossed into and out of the United States. These certified border-crossing records, are "routine, objective cataloging of an unambiguous factual matter," *United States v. Berry*, 683 F.3d 1015, 1022 (9th Cir. 2012) (internal quotation marks omitted), that are not created in anticipation of litigation, and therefore do not raise Confrontation Clause concerns. *United States v. Orzoco-Acosta*, 607 F.3d 1156, 1163 (9th Cir. 2010).

The district court's instructions to the jury during the forfeiture phase of the trial did not violate Brekke's due process rights. The comments did not distort or add to the evidence presented at trial, *United States v. Coutchavlis*, 260 F.3d 1149, 1156 (9th Cir. 2001), nor did they create an appearance of partiality or advocacy on behalf of one of the parties. *United States v. Mostella*, 802 F.2d 358, 361 (9th Cir. 1986). Even if the district court had erred in indicating that the forfeiture hearing was "straightforward" and "shouldn't take very long," any error did not affect Brekke's substantial rights in light of the overwhelming evidence regarding the illicit source of the funds in his PayPal account. *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc).

The district court did plainly err, however, in imposing conditions of supervised release requiring Brekke to abstain from the consumption of alcohol and requiring him to avoid places where controlled substances are illegally used or sold. Neither condition bears a reasonable relationship to Brekke's characteristics, the nature of his offense, or "to the risk that [Brekke] would return to his criminal behavior," *United States v. Napulou*, 593 F.3d 1041, 1045 (9th Cir. 2010), and the record does not indicate any "individualized consideration" supporting their imposition. *United States v. Betts*, 511 F.3d 872, 878 (9th Cir. 2007). Brekke's failure to cooperate with the probation office, without more, does not meet the

4

government's burden of proving by a preponderance of the evidence that a particular condition of supervised release is necessary. *Id.* at 881 (citing *United States v. Weber*, 451 F.3d 552, 558–59 (9th Cir. 2006)). Accordingly, we vacate those conditions.

**AFFIRMED IN PART; VACATED IN PART.**