NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 14-50013 |
| | ) | |
| Plaintiff - Appellee, | ) | D.C. No. 2:11-cr-00357-RGK-1 |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| MICHAEL JEROME LAWRENCE, | ) | |
| Jr., AKA Big Mike, AKA Tone, | ) | |
| | ) | |
| Defendant - Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted June 1, 2015**
Pasadena, California

Before: FERNANDEZ and BEA, Circuit Judges, and MARQUEZ,*** District
Judge.

Michael Jerome Lawrence, Jr., appeals his conviction for distribution of

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral
argument. Fed. R. App. P. 34(a)(2).

***The Honorable Rosemary Marquez, District Judge for the U.S. District
Court for the District of Arizona, sitting by designation.

cocaine base.  See 21 U.S.C. § 841(a)(1).  We affirm.

(1)    Lawrence first argues that the district court erred when it granted his motion to represent himself without first ascertaining that his waiver of his right to counsel was knowing and intelligent.  See Faretta v. California, 422 U.S. 806, 835–36, 95 S. Ct. 2525, 2541, 45 L. Ed. 2d 562 (1975); United States v. Farias, 618 F.3d 1049, 1051–52 (9th Cir. 2010); United States v. Erskine, 355 F.3d 1161, 1167 (9th Cir. 2004).  We have reviewed the validity of the waiver de novo[1] and disagree with Lawrence.  While the district court did not use a particular form of advisal, there is no requirement that it do so.  See United States v. Hayes, 231 F.3d 1132, 1138–39 (9th Cir. 2000).  The record shows that he was adequately informed of the nature of the charges against him, and of the dangers and disadvantages of self-representation.  Nothing in the record indicates that Lawrence did not understand that advice.  See United States v. Neal, 776 F.3d 645, 658 (9th Cir. 2015); United States v. Farhad, 190 F.3d 1097, 1098, 1100 (9th Cir. 1999) (per curiam); see also United States v. French, 748 F.3d 922, 929–30 (9th Cir.), cert. denied, __ U.S. __, 135 S. Ct. 384, 190 L. Ed. 2d 271 (2014).  Moreover, the district court made sure that he was advised of both the maximum and the minimum penalties for his crime.  The advice was clear and succinct.  Lawrence

---

[1]See Erskine, 355 F.3d at 1166.

plainly acknowledged that he heard what the maximum was, and, while he did not specifically mention the mandatory minimum, the court required the prosecutor to repeat the mandatory minimum twice.

(2)  Lawrence also claims that the district court abused its discretion[2] when it denied him a continuance of the trial that was scheduled to start the day after the <u>Faretta</u> hearing.  We disagree.  In deciding whether the district court abused its discretion when it denied the continuance, we consider a number of factors.  See <u>Armant v. Marquez</u>, 772 F.2d 552, 556–57 (9th Cir. 1985).[3]  Here the district court determined that Lawrence's request for a continuance was merely a delaying tactic.  We see no error in that determination.  The eight continuances Lawrence had already been granted had delayed trial for over a year.  The district court determined that most of those were caused by Lawrence's deliberate refusals to cooperate (or even communicate) with his attorneys.  The district court did not

_____

[2]See <u>United States v. Kloehn</u>, 620 F.3d 1122, 1126–27 (9th Cir. 2010); <u>United States v. Hinkson</u>, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc).

[3]The court must consider (1) the defendant's degree of diligence prior to the date the continuance is sought; (2) whether the continuance would have served a useful purpose; (3) the weight of the inconvenience to the court or government; and (4) the amount of prejudice to the defendant.  <u>Id.</u>

clearly err[4] when it determined that Lawrence's behavior was consistent with dilatory tactics, that he inflicted conflicts upon himself so that he could not communicate with counsel, and that his course of conduct was consistent with "gamesmanship" utilized to avoid going to trial. In addition, Lawrence has not shown that the verdict would have been different had he been granted a continuance. See United States v. Wilkes, 662 F.3d 524, 543 (9th Cir. 2011). Moreover, it is apparent that Lawrence had discovery materials in advance and had even relied upon them in preparing and presenting motions before trial. Finally, the remaining factors do not add much weight to either side of the balance. In short, the denial of a continuance was not an abuse of discretion. See United States v. Garrett, 179 F.3d 1143, 1145–47 (9th Cir. 1999) (en banc).

AFFIRMED.

---

[4]See United States v. Kaczynski, 239 F.3d 1108, 1116 (9th Cir. 2001).