**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10145 |
| Plaintiff-Appellee, | D.C. No. 2:10-cr-00458-JAM-3 |
| v. | |
| KEVIN HAWKINS, AKA Ket T. Hawkins, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued March 15, 2017 Submitted April 21, 2017
San Francisco, California

Before: WARDLAW, GOULD, and CALLAHAN, Circuit Judges.

Defendant Kevin Hawkins appeals his conviction for witness tampering in

violation of 18 U.S.C. § 1512(b)(2)(B). Hawkins contends that the district court

violated his Sixth Amendment right to represent himself and was without

jurisdiction to impose his sentence. We agree that the district court clearly erred in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

finding Hawkins's request to represent himself equivocal, vacate his conviction and sentence, and remand. We do not reach the merits of Hawkins's challenge to his sentence.

The Sixth Amendment guarantees a criminal defendant the right to counsel, as well as the corollary right to waive counsel and represent himself in his criminal proceedings. *See Faretta v. California*, 422 U.S. 806, 821 (1975). "If a defendant's request to proceed pro se is timely, not for purposes of delay, unequivocal, voluntary, intelligent and the defendant is competent, it must be granted." *United States v. Maness*, 566 F.3d 894, 896 (9th Cir. 2009). For a request to be unequivocal, the "defendant must make an explicit choice between exercising the right to counsel and the right to self-representation so that a court may be reasonably certain that the defendant wishes to represent himself." *United States v. Arlt*, 41 F.3d 516, 519 (9th Cir. 1994). "A district court's finding that a defendant's waiver is equivocal is a finding of fact reviewed for clear error." *United States v. Mendez-Sanchez*, 563 F.3d 935, 944 (9th Cir. 2009).[1]

---

[1] We have not yet clarified whether denial of a request to proceed pro se is reviewed de novo or for abuse of discretion. *See United States v. Kaczynski*, 239 F.3d 1108, 1116 (9th Cir. 2001). Under either standard, however, the district court erred in denying Hawkins's request.

The record does not support the district court's finding that Hawkins was equivocal in his request to proceed pro se. The nature of Hawkins's request was clear to the parties and to the judge, such that the district court set a hearing solely to address Hawkins's request. At the *Faretta* hearing, Hawkins repeatedly and unambiguously asserted that he wished to represent himself, without qualifications or reservations. The district court warned Hawkins of the difficulties in proceeding pro se, but Hawkins persisted. His request was not the result of "mere whim or caprice." *United States v. Robinson*, 913 F.2d 712, 714 (9th Cir. 1990). And he clearly made his continued request with "eyes open." *Faretta*, 422 U.S. at 835.

The government's arguments to the contrary are not persuasive. That Hawkins sought to represent himself two weeks after informing the court that he wanted to be represented by counsel does not diminish the unequivocal nature of his request at his *Faretta* hearing. Finding otherwise would suggest that any request to proceed pro se is equivocal unless the defendant asserts the right to self-representation from the outset of his criminal proceedings. No authority supports this contention, and we decline to adopt it here. *Faretta* self-representation requests have been made by defendants who were previously represented by counsel without initial objection by the defendant. *See, e.g.*, *United States v. Farias*, 618 F.3d 1049, 1051–52 (9th Cir. 2010).

3

The district court made no finding that Hawkins's request was untimely or that the request was made in bad faith to secure delay or abuse the judicial process. Nor do the parties dispute that Hawkins was "made aware of (1) the nature of the charges against him; (2) the possible penalties; and (3) the dangers and disadvantages of self-representation." *United States v. Farhad*, 190 F.3d 1097, 1099 (9th Cir. 1999).

The district court clearly erred in denying Hawkins's request to proceed pro se on the ground that Hawkins was equivocal. The request was unequivocal, timely, and informed. Because the denial of this request is structural error, and not subject to harmless error review, we vacate Hawkins's conviction and remand for a new trial. *See Farias*, 618 F.3d at 1055.[2]

**VACATED AND REMANDED.**

---

[2] We previously withdrew submission and ordered Hawkins to advise us within ten days if he wanted to withdraw his appeal or proceed for the panel to decide it. Hawkins filed a pro se response, *see* Dkt. No. 39, which we can only interpret as requesting us to decide his appeal on the denial of his *Faretta* request. We are therefore, simultaneous with the filing of this memorandum disposition, filing an order resubmitting the appeal for decision. Hawkins has shown that his right to represent himself was violated and therefore his conviction and sentence are vacated and the case is remanded for a new trial. Hawkins's response makes numerous other requests of this court, which are not properly before us and instead should be addressed to the district court on remand.