**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

APR 25 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50056 |
| Plaintiff-Appellee, | D.C. No. 8:08-cr-00180-DOC-3 |
| v. | |
| IRENE PEMKOVA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted February 14, 2018
Pasadena, California

Before: McKEOWN and WARDLAW, Circuit Judges, and DONATO,[**] District Judge.

Irene Pimkova[1] appeals from her judgment of conviction for wire fraud and conspiracy to commit wire fraud, 18 U.S.C. §§ 1343, 371, arguing that the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

[1] The parties represent that the defendant's name is misspelled in the case caption, and that "Pimkova" is the correct spelling.

court abused its discretion by allowing her to represent herself but denying a continuance. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's denial of a continuance for abuse of discretion under the four-factor inquiry set out in *United States v. Flynt*, 756 F.2d 1352, 1358–59 (9th Cir. 1985). Although "[t]he weight accorded to each factor may vary from case to case," *United States v. Mejia*, 69 F.3d 309, 314 (9th Cir. 1995), one of the four factors—prejudice to the defendant—must be present in order to find an abuse of discretion: "[I]n order to obtain a reversal, appellant must show at a minimum that he has suffered prejudice as a result of the denial of his request." *Id.* at 314–15 (quoting *Flynt*, 756 F.2d at 1359).

Pimkova's central contention on appeal is that she needed the continuance in order to obtain the presence of certain expert witnesses.[2] Our inquiry therefore focuses on those proposed expert witnesses.

---

[2] That is, she does not argue that she was generally unprepared to go to trial on her own behalf. Pimkova's case is thus distinct from a situation in which a criminal defendant is allowed to proceed pro se, but is precluded by the district court's denial of a continuance from preparing for trial by reviewing evidence, formulating strategy, and the like. Our case law evinces much concern for this latter situation. *See United States v. Farias*, 618 F.3d 1049, 1053–54 (9th Cir. 2010). Here, by contrast, Pimkova had had access to the transcripts that made up the bulk of the evidence for years, and indeed had developed irreconcilable differences with two appointed counsel in large part because counsel would not follow the trial strategy that Pimkova herself had developed. The district court thus found that Pimkova did not need additional time to prepare, a finding that was confirmed by the court's later observation that "[y]ou know these transcripts to the point that I don't even think either counsel has delved into them."

The first factor, Pimkova's diligence in attempting to obtain the presence of her witnesses prior to the continuance request, does not cut strongly either way. Although a defendant normally cannot be expected to personally contact and arrange travel for witnesses while represented by counsel, the district court here invited Pimkova a month in advance to bring her proposed witnesses to the first day of trial, and she did not attempt to do so. The diligence factor is therefore mixed.

In the context of a continuance to obtain witnesses, the second *Flynt* factor asks: "Would the continuance have resulted in the production of relevant evidence?" *United States v. Rivera-Guerrero*, 426 F.3d 1130, 1140 (9th Cir. 2005). Here, Pimkova has not shown that she would have been able to produce her expert witnesses if the trial had been continued for several months. First, Pimkova's trial ended up spanning 30 calendar days, including 20 days in which the trial was in recess. During this time, Pimkova was unable to obtain not only the presence of her witnesses, but even a commitment from any of the witnesses that they would be available on any specific future date—despite the district court's suggestions that it would have been open to a continuance if a witness had so committed. The inability to commit to a future date for testifying suggests that a continuance would not have yielded the experts' presence. *Compare Flynt*, 756 F.2d at 1360 (finding that a continuance would have been useful where "the

prospective witnesses had been identified *and their availability for a later hearing had been ensured*") (emphasis added).[3]

The conclusion that Pimkova would not have produced her witnesses after a continuance is also supported by her representations about the content of their testimony. *See Rivera-Guerrero*, 426 F.3d at 1140–41 (finding abuse of discretion where defendant sought a continuance to obtain experts to take a position that "a respectable, though minority, portion of the medical community strongly believes"). Pimkova stated that her experts would testify that investments with astronomical returns and little to no risk are actual, legitimate investments available in Europe. Pimkova has provided neither evidence nor argument on appeal that any portion of the relevant expert community believes this to be true; indeed, the government presented expert testimony that such investments categorically do not exist. Under these circumstances, we are not convinced that anyone, much less anyone capable of being qualified as an expert witness, would testify under oath to the availability of such investments.

---

[3] Pimkova's argument that a continuance would have allowed her to compel her experts' attendance using subpoenas also fails. The district court's subpoena power over witnesses located outside the country extends only to potential witnesses who are United States nationals or residents. *See* Fed. R. Crim. P. 17(e); 28 U.S.C. § 1783(a) (allowing for extraterritorial service of witness subpoenas on "a national or resident of the United States" only). The record reflects that the proposed experts were living in Europe, and there is nothing to suggest that they were actually Americans living abroad.

The third factor, inconvenience to the court, witnesses, and the government, also cuts against Pimkova. A continuance would have required rescheduling what turned out to be a nine-day jury trial; witnesses had been flown in from across the country; a voir dire panel was waiting; and the case had already been pending for nearly seven years. By contrast, our cases finding an abuse of discretion generally involve only short delays or the rescheduling of very brief proceedings. *See Mejia*, 69 F.3d at 316; *Armant v. Marquez*, 772 F.2d 552, 557 (9th Cir. 1985); *Flynt*, 756 F.2d at 1360–61.

Finally, the fourth factor, prejudice to the defendant, is fatal to Pimkova's appeal. It is true that prejudice generally results where the denial of a continuance prevents a defendant from putting on "the only testimony potentially effective to his defense." *Flynt*, 756 F.2d at 1361 (citation omitted); *see also Rivera-Guerrero*, 426 F.3d at 1142. But however helpful it would have been to Pimkova's defense to have testimony that the sort of investments she peddled do in fact exist, she can only prevail if it was the denial of the continuance that prevented her from obtaining that testimony. *See Flynt*, 756 F.3d at 1359 (considering "the extent to which the appellant might have suffered harm *as a result of* the district court's denial") (emphasis added); *Armant*, 772 F.2d at 557 ("[W]e must look to the prejudice suffered by appellant *because of* the denial of the continuance.") (emphasis added). As explained above, Pimkova has not shown that she could

have obtained her desired testimony if the court had granted a continuance. She therefore cannot establish that the denial caused her any prejudice.

In short, "after carefully evaluating all the relevant factors," we cannot "conclude that the denial [of Pimkova's requested continuance] was arbitrary or unreasonable." *Flynt*, 756 F.2d at 1358. Thus, the district court did not abuse its discretion in denying the requested continuance.

**AFFIRMED.**