UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WILLIE JONES, Jr.,

Defendant-Appellant.

No.    18-50079

D.C. No.
3:16-cr-01448-WQH-1
Southern District of California,
San Diego

ORDER AMENDING
MEMORANDUM AND
DENYING PETITION FOR
PANEL REHEARING AND
REHEARING EN BANC

Before:  WARDLAW and HURWITZ, Circuit Judges, and KORMAN,* District
Judge.

The memorandum disposition filed on May 30, 2019, is hereby amended as

follows:

Page 3, lines 14-15 – change <Similarly, the district judge did not abuse his

discretion in denying Jones's motion to represent himself> to <Although "we have

not yet clarified whether denial of a *Faretta* request is reviewed de novo or for abuse

of discretion," *United States v. Kaczynski*, 239 F.3d 1108, 1116 (9th Cir. 2001), the

district judge did not err under either standard in denying Jones's motion to represent

himself>.

---

*        The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

With this amendment, the panel has voted to deny the petition for panel rehearing.  Judges Wardlaw and Hurwitz have also voted to deny the petition for rehearing en banc, and Judge Korman so recommends.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc.  Fed. R. App. P. 35.

The petition for panel rehearing and rehearing en banc, Dkt. 50, is **DENIED**.

No additional petitions for rehearing will be entertained.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 10 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee <br><br> v. <br><br> WILLIE JONES, JR., <br><br> Defendant-Appellant | No. 18-50079 <br><br> D.C. No. <br> CR-16-01448-WQH-1 <br><br> AMENDED MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and submitted May 15, 2019
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and KORMAN,[**] District
Judge.

Willie Jones picked up three undocumented aliens near the United States-

Mexico border and dropped them off on the side of the road approximately a

quarter mile before reaching a border checkpoint on Highway 94. A passing

motorcyclist observed the three men exiting Jones's silver vehicle, reported his

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward R. Korman, United States District Judge for the Eastern
District of New York, sitting by designation.

1

observations to border patrol agents, and then identified Jones's vehicle as it approached the checkpoint. Jones was sent to secondary inspection and held there for approximately one hour. During this time, border patrol agents found the three men hiding in the bushes, at which point they arrested Jones for alien smuggling.

Jones argued unsuccessfully in the district court that his detention and arrest were illegal and should be suppressed. Throughout the proceedings against him, Jones was appointed five different attorneys at his request. The district judge refused to substitute out his fifth attorney and denied his motion to proceed pro se at trial and at sentencing. Following Jones's conviction for transporting illegal aliens, the district judge declined to apply a minor role adjustment under the Sentencing Guidelines and imposed concurrent sentences of 21 months of incarceration and three years of supervised release. This appeal followed.

1. The district judge did not err in finding that the border patrol agents possessed reasonable suspicion sufficient to detain Jones at the border. *See United States v. Wilson*, 7 F.3d 828, 834 (9th Cir. 1993). Based on the totality of the circumstances—including the motorcyclist's in-person, eyewitness, contemporaneous tip; the border patrol agent's knowledge of alien smuggling in the area; Jones's statement that he was coming from a border city; and Jones's driver's license showing a non-local address—the district judge did not err in finding that there was reasonable suspicion to detain Jones. *See Navarette v.*

*California*, 572 U.S. 393, 401-04 (2014); *United States v. Palos-Marquez*, 591 F.3d 1272, 1274-77 (9th Cir. 2010); *United States v. Valdes-Vega*, 738 F.3d 1074, 1077, 1079-80 (9th Cir. 2013) (en banc).

2. The district judge did not abuse his discretion by denying Jones a sixth court-appointed attorney. Contrary to Jones's assertion, the district judge did not categorically preclude Jones from substituting his fifth attorney because he had previously substituted four. Instead, the judge made a type of "general unreasonableness" finding, *see United States v. Mendez-Sanchez*, 563 F.3d 935, 944 (9th Cir. 2009), based on the fact that Jones's "pattern [was] the same" with each of his four previous attorneys. To the extent that there was a "breakdown in communication" between Jones and his fifth attorney, it was Jones who refused to communicate, and he may not take advantage of this refusal to obtain a new attorney. *See United States v. Roston*, 986 F.2d 1287, 1292-93 (9th Cir. 1993).

3. Although "we have not yet clarified whether denial of a *Faretta* request is reviewed de novo or for abuse of discretion," *United States v. Kaczynski*, 239 F.3d 1108, 1116 (9th Cir. 2001), the district judge did not err under either standard in denying Jones's motion to represent himself, made on the morning of trial, after finding that his purpose was to delay proceedings. *Cf. United States v. Farias*, 618 F.3d 1049, 1052-53 (9th Cir. 2010).  This was based on his pre-trial conduct—such as continually substituting attorneys and refusing to leave his holding cell on a

3

previous trial date—and the fact that he was asking for a continuance to prepare to proceed pro se at trial. *See Fritz v. Spalding*, 682 F.2d 782, 784 (9th Cir. 1982). Similarly, the district judge properly denied Jones's post-trial *Faretta* motion after a conference during which Jones was belligerent, disruptive, combative, and unresponsive to the questions the district judge asked in an attempt to make the appropriate *Faretta* inquiry. *See United States v. Lopez-Osuna*, 242 F.3d 1191, 1199 (9th Cir. 2001) ("[The defendant] must be able and willing to abide by rules of procedure and courtroom protocol." (internal quotation marks and citation omitted)).

4. Lastly, the district judge did not abuse his discretion in denying Jones a minor role adjustment. The district judge considered the five non-exhaustive factors used to determine whether a defendant is entitled to a minor role reduction, *see* U.S. Sentencing Guidelines Manual § 3B1.2, cmt. n.3(C), and properly found that Jones did not carry his burden of demonstrating that these factors weighed in his favor. *See United States v. Cordova Barajas*, 360 F.3d 1037, 1042 (9th Cir. 2004).

**AFFIRMED.**