**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-50184 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00715-GW-1 |
| v. | |
| CLIVE PATRICK BOWEN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted August 13, 2020
Pasadena, California

Before: O'SCANNLAIN, CALLAHAN, and COLLINS, Circuit Judges.

Clive Patrick Bowen was convicted of five counts of bank fraud (18 U.S.C. § 1344(2)), one count of trafficking in or using an unauthorized access device (18 U.S.C. § 1029(a)(2)), and one count of aggravated identity theft (18 U.S.C. § 1028A(a)(1)).  He appeals his conviction and his sentence of 42 months' imprisonment, $65,180 in restitution, and three years of supervised release.  The

---

      *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

facts are known to the parties, and we do not repeat them here.

I

Contrary to Bowen's argument, presented for the first time on appeal, there was sufficient evidence that Bank of America was FDIC-insured at the time of the fraudulent transactions to support the jury's verdict. A rational trier of fact could conclude that the witness who testified to Bank of America's FDIC-insured status understood "in 2016" to mean "for the calendar year 2016." A rational trier of fact could therefore find that the prosecution proved "the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

II

Bowen contends that several asserted trial errors merit reversal of the judgment, whether standing alone or cumulatively. We are not persuaded.

A

The district court did not commit plain error by admitting identification testimony from Bank of America senior fraud investigator Karen Finocchiaro or Postal Inspector Wilford Claiborne. Each witness's testimony met the criteria for lay witness opinion testimony under Federal Rule of Evidence 701. Specifically, the testimony from each witness was likely "helpful to . . . determining a fact in issue." Fed. R. Evid. 701(b); *see United States v. Beck*, 418 F.3d 1008, 1015 (9th Cir. 2005).

2

Finocchiaro's identification testimony was helpful to the jurors because she had observed numerous surveillance videos of the suspect under varying conditions, as well as surveillance videos of Bowen making legitimate withdrawals from his account, such that she had an opportunity to compare the suspect's manner to Bowen's. The jury could not observe such videos and had only still photographs. Meanwhile, after reviewing still photographs of Bowen, Claiborne saw Bowen in person during a vehicle stop that officers initiated only after Bowen—wearing a similar hat, and driving a similar paper-plated vehicle, as the suspect—drove multiple times past the exact house to which a controlled delivery of a fraudulently-ordered ATM card had been made.

B

The district court's issuance of a dual-role jury instruction for Finocchiaro and Claiborne was an appropriate exercise of its discretion. Such an instruction is recommended when a primarily percipient witness involved in an investigation provides testimony based on experience and training that might be considered an expert opinion. *See United States v. Vera*, 770 F.3d 1232, 1242 (9th Cir. 2014); *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007).

C

Even assuming that Bowen adequately preserved the objections he now makes to the admissibility of the spreadsheets, we conclude that the district court correctly

3

admitted the spreadsheets into evidence. Finocchiaro certified that the data displayed in the spreadsheets were made at or near the time of the occurrences recorded, "by—or from information transmitted by—someone with knowledge," and were regularly made and kept in the course of Bank of America's regularly conducted business. *See* Fed. R. Evid. 803(6). The printout of such data was therefore admissible. *See U-Haul Intern., Inc. v. Lumbermens Mut. Cas. Co.*, 576 F.3d 1040, 1043–44 (9th Cir. 2009). Moreover, the spreadsheets were admissible as summaries of "voluminous" computerized business records, the full versions of which could not be conveniently examined in court. *See* Fed. R. Evid. 1006.

In addition, any error in admitting the spreadsheets was harmless. There was ample evidence in the record supporting the jury's verdict with respect to each charged transaction, including the time-stamped surveillance photographs, the testimony from Finocchiaro, the victims' bank statements listing each transaction at issue, and testimony from each victim confirming that each such transaction was fraudulent. We likewise perceive no prejudicial error in admitting summary documents based on data extracted from the spreadsheets.

D

Finally, we consider the district court's denial of Bowen's request for an eleventh continuance. We reject Bowen's argument that such a denial constitutes a structural error. Even when a request for a continuance immediately follows the

4

grant of a defendant's right to self-representation, we review the denial of such a request for abuse of discretion. *See Armant v. Marquez*, 772 F.2d 552, 556–57 (9th Cir. 1985). Bowen's citation to *United States v. Farias*, 618 F.3d 1049, 1053 (9th Cir. 2010), is inapposite. There, the structural error was the district court's threat to deny any continuance, a threat that was made during a *Faretta* colloquy to dissuade the defendant from exercising his right to self-representation. *Id.* at 1054–55. Here, by contrast, the request was made several days after the *Faretta* colloquy.

To determine whether the denial of a continuance was an abuse of discretion, we consider the four factors set forth in *United States v. Flynt*, 756 F.2d 1352, 1358–59 (9th Cir. 1985). First, Bowen seems to us to have been neither diligent nor attempting a simple delay tactic. Second, Bowen failed sufficiently to explain how the continuance would be useful. "[G]eneral allegations that a continuance would have allowed him to prepare a better defense . . . are insufficient to allow us to find an abuse of discretion." *United States v. Sarno*, 73 F.3d 1470, 1493 (9th Cir. 1995). Third, the inconvenience of rescheduling a multi-day trial with at least one witness flying in from out of town was not trivial. Fourth, Bowen has failed to show that he was materially prejudiced by the district court's denial. His claim that more time would have effectively allowed him to acquire the litigator's general skillset is not sufficient. *See id.* We therefore conclude that the denial was an appropriate exercise of discretion.

## III

Bowen further challenges the validity of his waiver of his right to counsel. Because the waiver was knowing, intelligent, and unequivocal, we conclude that it was valid. *See Faretta v. California*, 422 U.S. 806, 835 (1975); *United States v. French*, 748 F.3d 922, 928–29 (9th Cir. 2014).

It is clear to us that Bowen understood the "dangers and disadvantages" of self-representation after the district court's vivid, detailed, and carefully explained *Faretta* colloquy. *French*, 748 F.3d at 929. Contrary to Bowen's argument on appeal, he need not have been made aware of the risks of the specific gaps in his knowledge of criminal-defense tactics. That is because "[t]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it." *Iowa v. Tovar*, 541 U.S. 77, 92 (2004) (quoting *United States v. Ruiz*, 536 U.S. 622, 629 (2002)); *see also McCormick v. Adams*, 621 F.3d 970, 977 (9th Cir. 2010) ("We have not "prescribed a meticulous litany to be employed" by a trial court in a colloquy regarding a defendant's request for a *Faretta* waiver." (quoting *United States v. Keen*, 104 F.3d 1111, 1114 (9th Cir. 1996))).

Furthermore, we see no reason to reverse the district court's finding of fact that the waiver was unequivocal. Although Bowen asked whether his previous

6

attorney, Stephen Demik, could "be my back up," his waiver was never conditioned upon the appointment of Demik as back-up. *Cf. United States v. Kienenberger*, 13 F.3d 1354, 1356 (9th Cir. 1994) (concluding that requests to represent oneself are not unequivocal when such requests "were always accompanied by [the defendant's] insistence that the court appoint 'advisory' or 'standby' counsel to assist him on procedural matters"). Moreover, once Demik was appointed as standby counsel, the court clarified to Bowen that "the obligation is still on yourself to represent yourself" and Bowen unequivocally replied "[t]hat is what I am doing here today." *See United States v. Audette*, 923 F.3d 1227, 1234–35 (9th Cir. 2019) (holding that equivocations in the middle of the *Farretta* colloquy do not render the waiver equivocal if the defendant later demonstrates that he has been reassured and wishes to waive his right to counsel).

IV

Bowen argues that the district court's findings of the intended losses, the actual losses, and the number of victims were each clearly erroneous, rendering its application of the Sentencing Guidelines and its restitution order abuses of discretion. Such findings of fact need only be held to a preponderance-of-the-evidence standard because, given the 24-month mandatory minimum for aggravated identity theft pursuant to 18 U.S.C. § 1028A, the enhancement did not have "an extremely disproportionate effect on [Bowen's] sentence." *United States v. Pike*,

7

473 F.3d 1053, 1058–59 (9th Cir. 2007) (applying a preponderance-of-the-evidence standard to a sentence enhancement more profound than Bowen's).

The district court was permitted to credit Finocchiaro's trial testimony as to the financial loss and the number of victims. *See United States v. Armstead*, 552 F.3d 769, 780 (9th Cir. 2008). Consequently, the district court reasonably found, by a preponderance of the evidence, facts that justify the sentence enhancement and restitution order.

V

Because there is a "direct conflict" between the district court's unambiguous oral pronouncement of the sentence and supervised-release conditions 3, 4, and 6 in the written judgment, we remand only "so that the district court can make the written judgment consistent with the oral pronouncement." *United States v. Hicks*, 997 F.2d 594, 597 (9th Cir. 1993) (quoting *United States v. Munoz-Dela Rosa*, 495 F.2d 253, 256 (9th Cir. 1974)). We otherwise reject Bowen's challenges to the conditions of his supervised release.

**AFFIRMED IN PART AND REMANDED IN PART.**