NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 3 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff-Appellee,<br><br>   v.<br><br>JUSTIN RAYMOND NEKEFEROFF,<br><br>            Defendant-Appellant. | No.   19-30015<br><br>D.C. No.<br>3:15-cr-00071-TMB-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, Chief District Judge, Presiding

Argued and Submitted September 25, 2020
Anchorage, Alaska

Before:  CHRISTEN, WATFORD, and BADE, Circuit Judges.

Justin Nekeferoff appeals his convictions and sentence for attempted

enticement of a child, in violation of 18 U.S.C. § 2422(b), and possession of child

pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).[1]  This case

---

        *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
        [1] In his opening brief, Nekeferoff challenged only his conviction and
sentence for violating § 2422(b), attempted enticement of a child.  In his
supplemental brief, however, he asserted a *Faretta* claim that necessarily
implicates both his convictions.

arises out of Nekeferoff's communications through Facebook Messenger, text message, and phone calls with "Jennifer," an undercover agent posing as the mother of eight-year-old "Ava."[2]  We reverse and remand.

1.      First, Nekeferoff argues that the district court violated his Sixth Amendment right to self-representation by denying his request to discharge his attorney, Natasha Norris, and represent himself.  *See Faretta v. California*, 422 U.S. 806, 835–36 (1975).  At a pretrial status-of-counsel hearing, Nekeferoff stated that he "would like either a different attorney or just to represent [himself]."  After responding that it would not appoint Nekeferoff a different attorney, the district court asked Nekeferoff a series of questions highlighting his limited educational background, inexperience with court proceedings, lack of legal training, and ignorance of the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and local court rules.  The district court then concluded: "Well, based on what you've told me here today, I think you are not in a position to represent yourself.  So I'm going to continue to have Ms. Norris represent you, because frankly, I think, you know, at this point, it's in your best interests."

"[A] timely request to proceed pro se—made unequivocally, knowingly and intelligently—must be granted so long as it is not made for purposes of delay and

---

[2] The parties are familiar with the factual and procedural background of this matter.  Therefore, we recite only those facts necessary for this disposition.

the defendant is competent." *United States v. Farias*, 618 F.3d 1049, 1052 (9th Cir. 2010). The district court did not find that Nekeferoff's request was equivocal, involuntary, or made for the purpose of delay, or that Nekeferoff was incompetent.[3] The district court emphasized its lack of confidence in Nekeferoff's legal abilities, but the voluntariness and competence inquiries turn on a defendant's *mental* competence, not legal competence, and denying a request for self-representation based on a defendant's lack of legal competence is error. *See Godinez v. Moran*, 509 U.S. 389, 400 (1993) ("[A] criminal defendant's ability to represent himself has no bearing upon his competence to *choose* self-representation."); *Faretta*, 422 U.S. at 836 (explaining that a defendant's "technical legal knowledge, as such, was not relevant to an assessment of his knowing exercise of the right to defend himself").

By quizzing Nekeferoff on his legal acumen and then stating it would deny his request because he was "not in a position to represent [himself]," and that it was "in [his] best interests" to keep his attorney, the district court indicated that it was denying Nekeferoff's request based on his lack of legal competence. This was error. *United States v. Arlt*, 41 F.3d 516, 518 (9th Cir. 1994).

---

[3] The government argues that Nekeferoff's request did not satisfy all these factors, but the district court did not make any findings or base its decision on these factors, and we will not engage in such fact-intensive inquiries for the first time on appeal. *See, e.g.*, *United States v. Carbajal*, 956 F.2d 924, 931 (9th Cir. 1992).

The government argues that we should nevertheless affirm because the district court advised Nekeferoff that he was free to renew his request "down the road." But a defendant has no duty to "renew his request for self-representation," *id.* at 524, and Nekeferoff's failure to make another request does not obviate the error, notwithstanding the district court's invitation to do so. "The district court's improper denial of [Nekeferoff's] request to proceed pro se is structural error and therefore requires reversal." *Farias*, 618 F.3d at 1055. Accordingly, we reverse Nekeferoff's convictions and sentences.

2. Next, Nekeferoff argues that there was insufficient evidence to convict him of enticing a child in violation of 18 U.S.C. § 2422(b). Although we reverse Nekeferoff's conviction based on the *Faretta* error, we consider his sufficiency-of-the-evidence challenge "in order to determine whether there should be an acquittal or retrial upon remand." *United States v. Gergen*, 172 F.3d 719, 724 (9th Cir. 1999). To the extent Nekeferoff disputes the scope of the conduct covered by the criminal statute, we review de novo. *United States v. Deeb*, 175 F.3d 1163, 1167 (9th Cir. 1999). We review his challenge to the sufficiency of the evidence by asking "whether 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (quoting *Jackson v.*

4

*Virginia*, 443 U.S. 307, 319 (1979)).

We hold that the government presented sufficient evidence to support Nekeferoff's conviction. Despite Nekeferoff's suggestion that communications through an adult intermediary are insufficient to trigger criminal liability, he conceded that communicating with an adult intermediary to groom a child for molestation *can* constitute an attempted violation of § 2422(b) when the defendant "intends to persuade the minor by having the adult assist him in grooming" her. This is consistent with the plain language of the statute. 18 U.S.C. § 2422(b). Here, the evidence certainly permitted a jury to infer that Nekeferoff attempted to groom Ava by directing Jennifer to prepare Ava to engage in sexual acts with Nekeferoff.

In particular, the evidence showed that Nekeferoff urged Jennifer to "[t]ry [to] make [Ava] orgasm," to "[m]ake her cum," to perform oral sex on her, and to touch her genitals. Moreover, the jury could reasonably infer that Nekeferoff directed Jennifer to perform these acts to groom Ava for his own sexual advances. When Jennifer told Nekeferoff that Ava had let Jennifer "lick" her, Nekeferoff responded, "Awesome! So I can lick her?" On another occasion, he responded, "Wow.. so will she be used to licking when I get her?" Nekeferoff argues that his actual motivation was not to persuade Ava, but his alternative interpretation of the evidence misses the point that a rational jury could reasonably have drawn these

5

inferences. *Nevils*, 598 F.3d at 1164.

3.     Nekeferoff also argues that the district court improperly admitted evidence that he previously molested his adoptive sister when she was between four and six years old, and that he had sex with his girlfriend's fifteen-year-old daughter. We review the district court's admission of this evidence for abuse of discretion. *United States v. Hanson*, 936 F.3d 876, 881 (9th Cir. 2019). The district court did not abuse its discretion in admitting evidence that Nekeferoff had previously molested his adoptive sister, given the similarities between the victims' ages and other circumstances of the incidents, and the relevance of this evidence to whether Nekeferoff intended to groom Ava through Jennifer. *See United States v. Thornhill*, 940 F.3d 1114, 1117–23 (9th Cir. 2019) (affirming admission of prior conviction of sexual abuse of a minor in a child pornography trial).

The district court did, however, abuse its discretion by admitting testimony that Nekeferoff previously had sex with his girlfriend's fifteen-year-old daughter. Given the significant differences between that incident and Nekeferoff's present charged conduct—particularly the victims' ages (fifteen versus eight) and that the fifteen-year-old, unlike Ava, initiated the alleged encounter with Nekeferoff—the limited probative value of this testimony "is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. Nevertheless, the exclusion of this evidence would not have impacted the sufficiency of the evidence discussed above

6

to support a conviction, and because we reverse for structural error, we need not address whether this evidentiary error was harmless in the context of the previous trial. Because there was sufficient evidence to support a conviction, we remand for a retrial.

4. Nekeferoff also argues that the district court erroneously instructed the jury that it could find him guilty of violating 18 U.S.C. § 2422(b) without finding a link between Nekeferoff's use of a means of interstate commerce and his attempt to persuade, induce, entice, or coerce a minor. Because Nekeferoff did not object to the instructions at trial, we review for plain error. *United States v. Sanders*, 421 F.3d 1044, 1050 (9th Cir. 2005).

Nekeferoff argues that the relevant instructions did not require the jury to find that he had "employ[ed] . . . interstate means for the essential function of communicating with the adult intermediary *for the purpose* of persuading, inducing, enticing, or coercing the minor," *United States v. Hite*, 769 F.3d 1154, 1165 (D.C. Cir. 2014) (emphasis added), as he argues the statute requires.[4] In *Hite*,

---

[4] Specifically, Instruction 18, which set out the elements of a § 2422(b) violation, required the jury to find only that Nekeferoff "intended to persuade, induce, entice, or coerce" Ava *and* that he "used a means and facility of interstate commerce" in his attempted enticement—not that he used the interstate means *to* persuade (or for the purpose of persuading) her. Instructions 21 and 22, in turn, could be read as allowing the jury to convict based on a finding that Nekeferoff used a means of interstate commerce simply to arrange a meeting and that he intended to persuade Ava in person at that meeting.

7

the court suggested that 18 U.S.C. § 2422(b) requires a connection between the interstate means and the defendant's purpose of persuading a minor, *see id.*, and our own model jury instructions also support this requirement, *see* Ninth Circuit Jury Instructions Committee, Manual of Model Criminal Jury Instructions 8.192A (Dec. 2019) ("First, . . . the defendant [used] [attempted to use] . . . [a means or facility of [interstate] . . . commerce, . . . to knowingly [persuade] [induce] [entice] [coerce] an individual to engage in . . . [any sexual activity for which someone could be charged with an offense] . . . ." (brackets in original)). However, this court has never addressed the nexus issue. *See United States v. Goetzke*, 494 F.3d 1231, 1234–35 (9th Cir. 2007) (discussing the elements of a § 2422(b) violation); *United States v. Meek*, 366 F.3d 705, 718 (9th Cir. 2004) (same). Given the lack of controlling authority on the matter and sparse persuasive authority, any instructional error in this case was not plain. *See United States v. De La Fuente*, 353 F.3d 766, 769 (9th Cir. 2003).

5. Finally, Nekeferoff challenges his sentence, arguing that the district court relied on a clearly erroneous finding that he had "continuously" abused his adoptive sister for ten years, that his sentence was substantively unreasonable, and that the district court improperly included nonstandard conditions of supervised release in the written judgment that it failed to announce when orally imposing the sentence. Because we reverse Nekeferoff's convictions and sentence, we do not

8

reach these arguments.

**REVERSED AND REMANDED.**